CLA-MAR MANAGEMENT v. LINDA HARRIS

No. 8410DC1257

(Filed 6 August 1985)

1. **Ejectment § 3— summary ejectment—no findings as to nature of tenancy or expiration date—remanded**

   A summary ejectment action was remanded for further findings as to the nature of the tenancy where the trial court made no findings of fact on the nature of the tenancy or the expiration date of the lease term and stipulations as to the nature and term of the tenancy were not included in the record on appeal. G.S. 42-26(1) (1984), G.S. 42-14 (1984).

2. **Ejectment § 4— summary ejectment—notice to vacate sufficient**

   A district court's findings in a summary ejectment action supported its conclusion that defendant received sufficient notice to vacate her lot where the findings indicated that defendant had forty-two days' notice to vacate, in excess of the requirements even for a year-to-year tenancy. The notice was no less effective because it afforded defendant the alternative of remaining on her lot should she meet the requirements stated in the notice. G.S. 42-14 (1984).

3. **Landlord and Tenant § 2— security deposit in excess of one and a half month's rent—new lease—proper**

   A landlord could require payment of a security deposit of $150 even though the June rental was $66 because the security deposit was to be submitted in connection with a new lease to be effective 1 July under which the monthly rental was $145. G.S. 42-51 (1984).

**4. Landlord and Tenant § 19— rent increase not approved by HUD—valid**

　　A rent increase was not invalid in that it had not been approved by HUD where the increase was scheduled to take effect on 1 July and the federally-insured mortgage was paid and satisfied in full on 28 June.

APPEAL by defendant from *Cashwell, Judge.* Judgment entered 19 September 1984 in District Court, WAKE County. Heard in the Court of Appeals 5 June 1985.

*Stubbs, Cole, Breedlove, Prentis & Poe, by James A. Cole, Jr. and Terry D. Fisher, for plaintiff appellee.*

*East Central Community Legal Services, by Augustus S. Anderson, Jr., for defendant appellant.*

BECTON, Judge.

This action in summary ejectment was brought by plaintiff, Cla-Mar Management (Cla-Mar), against defendant, Linda Harris (Harris), on 3 July 1984 for possession of Lot No. 120, Schenley Square Mobile Home Park. In her "Motion to Dismiss and Answer," Harris contended that Cla-Mar was not a legal entity with the capacity to sue, and denied that the lease term had ended. Based upon facts stipulated to by counsel and upon the legal arguments of counsel, the district court concluded that Harris did not have a lease for Lot No. 120, and accordingly, entered judgment for possession in favor of Cla-Mar. Harris appeals, but has included no exceptions or assignments of error in the record on appeal. Therefore, considering Rule 10(a) of the North Carolina Rules of Appellate Procedure, the only question presented for review is whether the district court's judgment is supported by the Findings of Fact and Conclusions of Law. We conditionally rule in favor of Cla-Mar, for the following reasons.

I

On 1 June 1984, Cla-Mar assumed the management of Schenley Square Mobile Home Park (formerly known as "Central Park"). Harris had prior knowledge that Cla-Mar would assume management as indicated in the following Findings of Fact by the district court:

　　4. That on May 18, 1984, Defendant and all other tenants within the mobile home park were notified by Cla-Mar Man-

agement that any tenant who did not apply for, and receive a new lease for their space to become effective July 1, 1984, and pay a new security deposit, would have to vacate their space in the mobile home park on or before June 30, 1984.

5. That on June 7, 1984, Defendant received an additional notice entitled 'Official Notice to Vacate,' from Plaintiff Cla-Mar Management stating that upon failure to sign a new lease and tender a security deposit of $150.00 prior to June 9, 1984, Defendant should vacate his or her lot in the mobile home park on or before June 30, 1984.

Harris received each of the notices described above and signed the new lease agreement. However, Harris did not tender the security deposit as required, and therefore, Cla-Mar did not sign or accept the new lease with Harris.

Prior to 28 June 1984, the mobile home park was subject to a federally-insured mortgage under the "207 Mortgage Insurance Program" of the United States Department of Housing and Urban Development (HUD), which required HUD Commissioner approval for rent increases during the term of the mortgage. As of 28 June 1984, soon after Cla-Mar had assumed management of Schenley Square, the federally-insured mortgage was satisfied in full. Also, on 28 June 1984, an assumed name certificate for Cla-Mar Management was recorded in the office of the Wake County Register of Deeds.

## II

Harris contends that Cla-Mar is not entitled to possession of Lot #120, because (1) "the judgment is not supported by findings of fact to show that defendant is holding over after the expiration of her term," and (2) "the findings of fact do not support a conclusion of law that sufficient notice was received by defendant to terminate the lease even if a month-to-month tenancy is assumed." We agree with Harris' first contention and, therefore, remand the matter to the district court to make findings of fact on the nature of the tenancy (month-to-month or year-to-year) and on the lease term expiration date. As to Harris' second contention, we conclude that the defendant received sufficient notice to terminate the lease under N.C. Gen. Stat. Sec. 42-14 (1984).

[1]   The question to be resolved on remand is whether Harris'
lease term had expired on 30 June 1984, giving Cla-Mar the right
to possession on 1 July 1984. A landlord may bring a summary
ejectment action under N.C. Gen. Stat. Sec. 42-26(1) (1984), "[w]hen
a tenant in possession of real estate holds over after his term has
expired." Thus, expiration of the lease term is one prerequisite of
summary ejectment. The trial court found: "That prior to, and on
June 1, 1984, defendant Linda Harris was lessee of Lot #120 with-
in said mobile home park." The trial court made findings of fact
on the notice given, discussed *infra*, but made no findings of fact
on the nature of the tenancy or the expiration date of the lease
term before concluding that "as of July 1, 1984, defendant Linda
Harris did not have a lease for Lot #120 in Schenley Square and
plaintiff is entitled to immediate possession thereof."

In its brief, Cla-Mar asserts that the parties stipulated as to
the nature and term of the tenancy and further, that the trial
court relied on the stipulations in awarding Cla-Mar possession.
Unfortunately, the trial court failed to make the requisite findings
of fact to reflect this consideration.

According to Cla-Mar, the contested stipulations were not in-
cluded in the record on appeal, "because the lease term was never
in issue in the court below and was not identified by appellant as
an issue on appeal by the taking of an exception." Yet, in her
Answer, Harris had denied Cla-Mar's allegations that the lease
term ended 30 June 1984. And, although our standard of review is
certainly severely constrained by Harris' failure to include excep-
tions or assignments of error in the record on appeal, we still are
left to determine whether the findings of fact and conclusions of
law support the district court's judgment. Since a landlord is not
entitled to possession until the lease term expires, even with suf-
ficient notice, G.S. Secs. 42-14 and -26 (1984), we believe that a
judgment in favor of Cla-Mar requires findings of fact on the
nature and term of the tenancy. We therefore remand to the trial
court for further findings of fact on this allegedly stipulated issue.

[2]   Turning to the sufficiency of the notice issue, we note that
the district court made Findings of Fact 4 and 5, cited above,
before concluding: "That defendant received sufficient notice to
vacate his or her lot in Schenley Square as required by N.C.G.S.
Sec. 42-14." G.S. Sec. 42-14 (1984) provides: "A tenancy from year

to year may be terminated by a notice to quit given one month or more before the end of the current year of the tenancy; a tenancy from month to month by a like notice of seven days. . . ." Thus, Findings of Fact 4 and 5 clearly support the district court's conclusion of law. The record does not reflect whether the timeliness of the notices sent to Harris was questioned in the trial court. The record demonstrates, however, that Harris received in excess of thirty days' notice to vacate, thereby even exceeding the requirements of G.S. Sec. 42-14 (1984) for a year-to-year tenancy. As stated in Finding of Fact 4, the defendant was notified on 18 May 1984 that she must (1) apply for a new lease, (2) be accepted for a new lease, and (3) furnish a new security deposit, *or she should vacate her lot by 30 June 1984*. Harris, thus, had 42 days' notice to vacate, and this notice is no less effective because it afforded Harris the alternative of remaining on her lot should she meet the requirements stated in the notice. "A notice may be in the alternative to pay rent in arrears or quit. . . ." 50 Am. Jur. 2d, *Landlord and Tenant* Sec. 1206, at 94 (1970). Based on the above analysis, and considering the further fact that Harris did not note an exception to the trial court's Conclusion of Law that she "received sufficient notice . . ." nor assign as error the lack of any supporting Findings of Fact regarding that Conclusion of Law, we find no error.

[3]    We summarily reject Harris' further contention that the findings do not support a Conclusion of Law that she received sufficient notice. Both the 18 May and 7 June 1984 notices state in clear and unequivocal language what Harris had to do to continue leasing her space. We also summarily reject Harris' argument that Cla-Mar could not lawfully require payment of a security deposit in the amount of $150.00 when the June rental was for $66.00. Harris' reference to N.C. Gen. Stat. Sec. 42-51 (1984), which provides that a security deposit "shall not exceed an amount equal to . . . one and one-half months' rent if a tenancy is month to month, and two months' rent for terms greater than month to month" is inapposite. Harris ignores the fact that the $150.00 security deposit was to be submitted in connection with the new leases, which became effective 1 July 1984, under which the monthly rental was $145.00.

[4]    Finally, we summarily reject Harris' contention that the lease proposed by Cla-Mar was invalid because it contained a rent

increase that had not been approved by HUD. The rent increase, scheduled to take effect 1 July 1984, was not subject to HUD regulations, since the federally-insured mortgage was paid and satisfied in full on 28 June 1984.

Believing that Cla-Mar was entitled to possession, if the lease term had expired 30 June 1984, and that Harris waived any further objections to the judgment when she failed to note exceptions and assign error in the record on appeal, we

Remand for further findings of fact.

Judges PHILLIPS and EAGLES concur.