VERNON, VERNON, WOOTEN, BROWN & ANDREWS, P. A. v. ERNEST MILLER

No. 8415DC632

(Filed 5 March 1985)

1. **Appeal and Error § 24— one issue—summary judgment—exceptions and assignments of error not required**

   Exceptions and specific assignments of error were not required where the sole issue presented in the brief was whether the trial court erred in granting summary judgment in favor of plaintiff.

2. **Attorneys at Law § 7.1— actions to collect attorneys' fee—summary judgment for plaintiff improper**

   Summary judgment should not have been granted for plaintiff attorneys in an action to collect legal fees where defendant agreed to pay plaintiff $700 to examine the title to real estate, render a title opinion and obtain title insurance, plus an additional amount based upon hourly charges for other services, but the positions of the parties varied materially as to the services each contemplated would be covered by each phase of the fee agreement and consequently as to the amount due plaintiff pursuant to the hourly charge provision.

APPEAL by defendant from *Allen, J.B., Judge.* Judgment entered 27 March 1984 in District Court, ALAMANCE County. Heard in the Court of Appeals 7 February 1985.

The plaintiff, a professional association of attorneys, brought this suit to enforce an alleged contract for fees for legal services rendered to defendant in connection with a real estate transaction involving the purchase by defendant of a damsite in Randolph County. In its complaint, plaintiff alleged that the parties agreed that plaintiff would render a title opinion and "take all actions necessary to obtain title insurance for the real property" for a fixed fee of $700.00; and that in addition, plaintiff would perform other legal services "required in assisting the parties to structure the transaction and preparing all documents relating to the sale"

for an additional fee based upon an hourly rate for attorney time and staff time. Plaintiff alleged that it performed all of the legal services required for consummation of the transaction and presented defendant with a statement for $700.00 for the title examination, which defendant paid, and a statement for $2500.00 for all other legal services rendered in consummating the transaction, which defendant refused to pay. Defendant answered, admitting that he agreed to pay $700.00 for services to be rendered by plaintiff, but denying that he had agreed to pay any additional amounts, and alleging that the additional charges were not reasonable.

In the course of discovery, defendant admitted that plaintiff had performed a number of services in addition to a title examination and obtaining title insurance; however, defendant continued to deny that these services had been authorized or that he had agreed to pay an additional amount for the services. Defendant admitted that his brother, Rodney Miller, who was acting as his attorney-in-fact pursuant to a power of attorney prepared by plaintiff, had received a letter from plaintiff setting forth plaintiff's understanding of the fee arrangement.

Plaintiff moved for summary judgment on the grounds that no genuine issue of material fact existed as to defendant's liability to pay the additional fee or as to the amount due. In support of the motion, plaintiff filed, among other affidavits, an affidavit of Jeffrey A. Andrews, the attorney in plaintiff's office with whom defendant had dealt. Mr. Andrews stated that he had told defendant that his fee for rendering a title opinion and obtaining title insurance would be $700.00 and that, in addition, a purchase agreement, deed and other documents would be necessary to complete the transaction and that he would perform these legal services at an hourly rate. He stated that he prepared numerous documents and conducted two closings, as desired by the parties to the transaction. Attached to the affidavit was an itemized description of the services rendered.

The defendant filed affidavits stating, for the first time, that he and Mr. Andrews had agreed that plaintiff would be paid for "extra documents" at an hourly rate but that he did not understand that "extra documents" included the documents necessary to transfer the property. He further stated that it was his under-

standing that the additional fees would range between $700.00 to $800.00 and that "all work necessary to clear the title would be included in the flat fee quote concerning the title examination and obtaining title insurance." He stated that much of the work charged for by plaintiff on an hourly basis was actually performed in order to "clear the title" and to prepare a title opinion and should have been included within the $700.00 fixed fee.

The trial court entered summary judgment for plaintiff in the amount sought in the complaint. Defendant appealed.

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by Jeffrey A. Andrews, for plaintiff appellee.*

*Mary K. Nicholson, for defendant appellant.*

MARTIN, Judge.

[1]   We observe first that defendant did not set out, in the record on appeal, any exceptions or specific assignments of error as required by Rule 10(a) of the Rules of Appellate Procedure. We conclude, however, that none is required where, as here, the sole question presented in defendant's brief is whether the trial court erred in granting summary judgment in favor of the plaintiff. The appeal from the judgment is itself an exception thereto. *See West v. Slick,* 60 N.C. App. 345, 299 S.E. 2d 657 (1983), *rev'd on other grounds,* 313 N.C. 33, 326 S.E. 2d 601 (1985). Our review is limited to whether, on the face of the record proper, summary judgment was appropriately entered. Because the record discloses that there exists genuine issues of material fact, we hold that summary judgment was erroneous and remand this case to the trial court.

[2]   G.S. 1A-1, Rule 56(c) provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." The rule authorizes the court to determine whether a genuine issue of fact exists, but does not authorize the court to resolve an issue of fact. *Vassey v. Burch,* 301 N.C. 68, 269 S.E. 2d 137 (1980); *Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976). The trial judge does not sit as a fact finder. *Billings v. Harris Co.,* 27 N.C. App. 689, 220

S.E. 2d 361 (1975), *aff'd*, 290 N.C. 502, 226 S.E. 2d 321 (1976). The party moving for summary judgment has the burden of showing the lack of any triable issue of fact; his papers are carefully scrutinized and all inferences are resolved against him. *Kidd v. Early, supra.* Facts asserted by the party answering a summary judgment motion must be accepted as true. *Railway Co. v. Werner Industries*, 286 N.C. 89, 209 S.E. 2d 734 (1974). If the evidentiary materials filed by the parties indicate that a genuine issue of material fact does exist, the motion for summary judgment must be denied.

Applying the foregoing principles to the record properly before us, we examine the propriety of summary judgment for the plaintiff. Though initially denied by defendant, there appears to be no genuine issue of fact that defendant agreed to pay plaintiff $700.00 to examine title to the real estate, render a title opinion and obtain title insurance, and to pay plaintiff an additional amount, based upon hourly charges, for other services rendered by plaintiff in order to consummate the transaction. The evidentiary materials submitted at the hearing disclose, however, that the positions of the parties vary materially as to what services each contemplated would be covered by each phase of the fee agreement, and consequently, as to the amount due plaintiff pursuant to the "hourly charge" provision. The burden of proof in this case is upon the plaintiff to establish the terms of the fee agreement and that the fee charged is reasonable for the services rendered. *See Randolph v. Schuyler*, 284 N.C. 496, 201 S.E. 2d 833 (1974). Although Mr. Andrews' letter to the defendant setting forth Andrews' understanding of the fee arrangement is certainly evidence of the terms of the agreement, it is only some evidence of the terms of the oral contract and does not resolve all of the ambiguities raised by defendant's affidavits. Plaintiff also submitted its time records to substantiate the hours for which it charged. While these records furnish evidence that plaintiff expended the claimed hours in rendering the services, they do not conclusively show that none of the claimed hours were actually spent in order to "clear the title," prepare a title opinion and obtain title insurance and therefore included in the $700.00 "flat fee." The defendant asserts otherwise, raising an issue as to the reasonableness of the hourly charges. The affidavits are conflict-

ing and raise issues of credibility sufficient to defeat the plaintiff's motion for summary judgment and require a trial.

For the reasons stated, the entry of summary judgment in favor of the plaintiff is

Reversed.

Judges WEBB and PHILLIPS concur.