DORIS ELLIS, ETHEL YOUNG, EUGENE YOUNG, DOROTHY PATTERSON, AND CENTRAL PARK TENANTS ASSOCIATION v. PETER P. WILLIAMS, HENRY D. HAYWOOD, AND ALFRED L. HOBGOOD, JR., D/B/A CENTRAL PARK ASSOCIATES; JOEL M. WHITE AND PERRY C. WALTON

No. 8510SC368

(Filed 17 December 1985).

**Appeal and Error § 24— absence of exceptions or assignments of error in record— appeal dismissed**

Appeal is dismissed for failure to comply with the Rules of Appellate Procedure where appellants failed to place any exceptions or assignments of error in the record on appeal and seek to appeal rulings not only on a number of separate causes of action but also to argue rulings on their requests for discovery. App. Rules 10(a) and 11(b).

APPEAL by plaintiffs from *Lee, Judge.* Judgment entered 17 December 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 23 October 1985.

This is a case in which plaintiff tenants seek declaratory judgment that various provisions in their leases are invalid. Tenants live in a mobile home park in which the former owners rented spaces under month-to-month leases including provisions required by an underlying federal loan. Upon purchase of the mobile home park, the new owners paid off the federal loan and required tenants to sign new leases with higher rents, higher security deposits and certain other conditions. Tenants brought this action to declare invalid the new lease provisions. From summary judgment for defendants, plaintiffs appeal.

*East Central Community Legal Services, by Celia Pistolis and Augustus S. Anderson, Jr., for plaintiff-appellants.*

*Stubbs, Cole, Breedlove, Prentis & Poe, by James A. Cole, Jr. and Terry D. Fisher, for defendant-appellees.*

EAGLES, Judge.

Plaintiffs failed to place any exceptions or assignments of error in the record on appeal, and defendants argue that the appeal must accordingly be dismissed. Plaintiffs contend that the appeal itself effectively constitutes an exception to the judgment, bringing forward the question of whether the judgment is supported

by the findings of fact and conclusions of law. App. R. 10(a). Plaintiffs rely on *West v. Slick*, 60 N.C. App. 345, 299 S.E. 2d 657 (1983) (appeal brings forward question of whether evidence sufficient to withstand directed verdict), *aff'd in relevant part*, 313 N.C. 33, 326 S.E. 2d 601 (1985) and *Beaver v. Hancock*, 72 N.C. App. 306, 324 S.E. 2d 294 (1985) (appeal brings forward propriety of summary judgment on single negligence issue). In both of the cases cited, however, the appeal was limited to a single ruling on a single contention. Here, plaintiffs seek to appeal rulings not only on a number of separate causes of action but also to argue rulings on their requests for discovery. As defendants correctly point out, an appellant's failure to identify such disparate errors in the record frustrates effective and fair preparation of the record, *see* App. R. 11(b) (proposed record must contain assignments of error required by App. R. 9(a)(1)(xi) ), and hinders effective consideration by the appellate courts. *See* App. R. 10, Drafting Committee Note (exceptions and assignments focus issues on appeal).

We note that in an earlier case certain of the claims asserted here were resolved adversely to parties situated similarly to appellants. *Cla-Mar Management v. Harris*, 76 N.C. App. 300, 332 S.E. 2d 495 (1985).

After careful review of the record before us, we agree with defendants that because of flagrant violations of our rules which preclude fair and effective appellate review, the appeal should be and is

Dismissed.

Judges WHICHARD and COZORT concur.