DORIS ELLIS, ETHEL YOUNG, EUGENE YOUNG, DOROTHY PATTERSON, AND CENTRAL PARK TENANTS ASSOCIATION v. PETER P. WILLIAMS, HENRY D. HAYWOOD, AND ALFRED L. HOBGOOD, JR., D/B/A CENTRAL PARK ASSOCIATES; JOEL M. WHITE AND PERRY C. WALTON

No. 107PA86

(Filed 5 May 1987)

**Appeal and Error § 24— appeal from summary judgment—exceptions and assignments of error not required**

Rule 10(a) of the N. C. Rules of Appellate Procedure does not require a party against whom summary judgment has been entered to place exceptions and assignments of error into the record on appeal even where summary judgment was granted on several different causes of action since the appeal itself is an exception to the entry of summary judgment and presents the question of whether the judgment is supported by the conclusions of law.

Justice WHICHARD did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

ON plaintiffs Ellis, Young, and Patterson's petition for discretionary review of the decision of the Court of Appeals, 78 N.C. App. 433, 337 S.E. 2d 188 (1985), dismissing plaintiffs' appeal from summary judgment filed 21 December 1984 by *Lee, J.,* in Superior Court, WAKE County. Central Park Tenants Association is not a party to this appeal. Heard in the Supreme Court 12 February 1987.

*East Central Community Legal Services, by Celia Pistolis and Augustus S. Anderson, Jr., and Purser, Cheshire, Parker & Hughes, by Gordon Widenhouse, for plaintiff-appellants.*

*Stubbs, Cole, Breedlove, Prentis & Poe, by James A. Cole, Jr. and Terry D. Fisher, for defendant-appellees.*

MARTIN, Justice.

The sole issue before this Court is whether Rule 10(a) of the North Carolina Rules of Appellate Procedure requires a party against whom summary judgment has been entered to place exceptions and assignments of error into the record on appeal. We hold that it does not and accordingly reverse the decision of the Court of Appeals.

Plaintiff-tenants live in a mobile home park in Wake County. Ownership of the park changed hands in 1984, and defendant-purchasers presented plaintiffs with new lease agreements. These new agreements promulgated stricter park rules, required a higher security deposit, and more than doubled the rent charged. After unsuccessfully attempting to negotiate with defendants, plaintiffs brought this action seeking an injunction against enforcement of the lease, a declaratory judgment invalidating certain lease provisions, and damages for unfair business practices. Their complaint alleged, inter alia, that the park was subject to rent-control regulations of the United States Department of Housing and Urban Development and that defendants had engaged in unfair and deceptive trade practices by conspiring to raise rents without federal approval. All parties filed motions for summary judgment.

The trial court granted summary judgment in defendants' favor. Plaintiffs gave notice of appeal but failed to list any exceptions or assignments of error in preparing the record for the Court of Appeals. The Court of Appeals determined that this omission constituted a "flagrant violation" of Rule of Appellate Procedure 10(a) and consequently dismissed the action. Plaintiffs maintain (1) that prior decisions of the Court of Appeals correctly applied Rule 10(a) by holding that the appeal itself is an exception to the entry of summary judgment and (2) that they reasonably relied on these decisions and should be allowed the opportunity to amend their record on appeal should this Court reject the reasoning of the prior cases.

N.C.R. App. P. 10(a) states:

Except as otherwise provided in this Rule 10, the scope of review on appeal is confined to a consideration of those exceptions set out in the record on appeal or in the verbatim transcript of proceedings, if one is filed pursuant to Rule 9(c)(2), and made the basis of assignments of error in the record on appeal in accordance with this Rule 10. No exception not so set out may be made the basis of an assignment of error; and no exception so set out which is not made the basis of an assignment of error may be considered on appeal. Provided, that upon any appeal duly taken from a final judgment any party to the appeal may present for review, by

properly raising them in his brief, the questions *whether the judgment is supported by the verdict or by the findings of fact and conclusions of law*, whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law, *notwithstanding the absence of exceptions or assignments of error in the record on appeal.*

(Emphases added.)

Plaintiffs contend that their appeal falls within the language of the proviso. They insist that an appeal from the granting of summary judgment automatically raises the issue of "whether the judgment is supported by the . . . conclusions of law." We agree.

The purpose of summary judgment is to eliminate formal trial when the only questions involved are questions of law. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Thus, although the enumeration of findings of fact and conclusions of law is technically unnecessary and generally inadvisable in summary judgment cases, *Wall v. Wall*, 24 N.C. App. 725, 212 S.E. 2d 238, *cert. denied*, 287 N.C. 264, 214 S.E. 2d 437 (1975), summary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether the moving party is entitled to judgment, N.C.R. Civ. P. 56(c); *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). On appeal, review of summary judgment is necessarily limited to whether the trial court's conclusions as to these questions of law were correct ones. It would appear, then, that notice of appeal adequately apprises the opposing party and the appellate court of the limited issues to be reviewed. Exceptions and assignments of error add nothing.

This result does not run afoul of the expressed purpose of Rule 10(a). Exceptions and assignments of error are required in most instances because they aid in sifting through the trial court record and fixing the potential scope of appellate review. *See* Commentary, Drafting Committee Note, N.C.R. App. R. 10(a). We note that the appellate court must carefully examine the *entire record* in reviewing a grant of summary judgment. *See Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Walton v. Meir*, 14 N.C. App. 183, 188 S.E. 2d 56, *cert. denied*, 281 N.C. 515, 189 S.E. 2d 35 (1972). Because this is so, no preliminary "sifting" of

the type contemplated by the rule need be performed. Also, as previously observed, the potential scope of review is already fixed; it is limited to the two questions of law automatically raised by summary judgment. Under these circumstances, exceptions and assignments of error serve no useful purpose. *See Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (thirty-four assignments of error unnecessary in pinpointing the sole question for decision, which was whether the trial judge correctly allowed defendants' motion for summary judgment; the appellate court must review all allegations and evidence in making this determination). Were we to hold otherwise, plaintiffs would be required to submit assignments of error which merely restate the obvious; for example, "The trial court erred in concluding that no genuine issue of material fact existed and that defendants were entitled to summary judgment in their favor." *See, e.g., Lloyd v. Carnation Co.*, 61 N.C. App. 381, 301 S.E. 2d 414 (1983). At best, this is a superfluous formality.

As plaintiffs correctly point out, several prior decisions of the Court of Appeals have reached this conclusion. *See Vernon, Vernon, Wooten, Brown & Andrews, P.A. v. Miller*, 73 N.C. App. 295, 326 S.E. 2d 316 (1985) (N.C.R. App. P. 10(a) requires no exceptions or assignments of error when the sole issue on appeal is whether, on the face of the entire record, the trial court erred in granting summary judgment); *Beaver v. Hancock*, 72 N.C. App. 306, 324 S.E. 2d 294 (1985) (appeal itself complies with Rule 10(a) because it constitutes an exception to the judgment and presents the question of whether the judgment is supported by the conclusions of law); *cf. West v. Slick*, 60 N.C. App. 345, 299 S.E. 2d 657 (1983), *rev'd on other grounds*, 313 N.C. 33, 326 S.E. 2d 601 (1985) (appeal of directed verdict is an exception to the underlying conclusions of law).

The Court of Appeals characterized *West* and *Beaver* as simple single-issue cases in an attempt to distinguish them from the present case. Regardless of whether such characterization is accurate, we are not persuaded by this reasoning. Even where, as here, summary judgment is granted on several different causes of action, the absence of exceptions and assignments of error in the record does not appreciably complicate the appellate process. As to each cause of action, the sole issue brought forth remains the

same—whether the trial court's ruling on summary judgment was supported by the underlying conclusions of law.

Because we find that plaintiffs complied with N.C.R. App. P. 10(a) and are entitled to a hearing of their appeal on its merits, we need not consider exercising our discretion under N.C.R. App. P. 2 to allow an amendment of the record to include exceptions and assignments of error. Accordingly, the decision of the Court of Appeals is reversed. This case is remanded to that court for review on the merits.

It is so ordered.

Justice WHICHARD did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

Believing that the Court of Appeals decided this case correctly, I would vote to affirm that court's opinion. I tend to believe that the proviso of Rule 10(a) upon which the majority relies does not, and was never intended to, apply to summary judgments. The very language of that proviso makes it abundantly clear that the rule does not apply in the case of a summary judgment:

> Provided, that upon any appeal duly taken from a final judgment any party to the appeal may present for review, by properly raising them in his brief, the questions *whether the judgment is supported by the verdict or by the findings of fact and conclusions of law,* whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law, notwithstanding the absence of exceptions or assignments of error in the record on appeal.

N.C.R. App. P. 10(a) (emphasis added).

In the case at bar, and indeed in all summary judgments which are properly drafted, there is no *verdict* or *findings of fact and conclusions of law,* with the possible exception of an implied conclusion that "there is no genuine issue of material fact."

Our Court of Appeals has held that:

> A trial judge is not required to make finding[s] of fact and conclusions of law in determining a motion for summary judg-

ment, and if he does make some, they are disregarded on appeal. Shuford, N.C. Practice and Procedure, § 56-6 (1977 Supp.). Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper.

*Mosley v. Finance Co.*, 36 N.C. App. 109, 111, 243 S.E. 2d 145, 147, *disc. rev. denied*, 295 N.C. 467, 246 S.E. 2d 9 (1978).

This Court, citing *Mosley*, has said:

[I]t is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law.

*Tetterton v. Long Manufacturing Co.*, 314 N.C. 44, 47, 332 S.E. 2d 67, 69 (1985).

The order of the trial court contained no findings of fact or conclusions of law; it was, in its entirety, as follows:

ORDER

THIS CAUSE coming on to be heard and being heard before the undersigned Judge of Superior Court on Motion of the Plaintiffs for partial summary judgment, and on Motion of the Defendants for summary judgment as to all matters and claims stated in Plaintiffs' Complaint; and

IT APPEARING TO THE COURT that there is no genuine issue as to any material fact and that Defendants are entitled to a judgment as a matter of law;

IT IS THEREFORE ORDERED that Plaintiffs' Motion for partial summary judgment be and the same hereby is denied; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that summary judgment is granted in favor of Defendants PETER P. WILLIAMS, HENRY D. HAYWOOD, and ALFRED L. HOBGOOD, JR., d/b/a[ ] CENTRAL PARK ASSOCIATES, JOEL M. WHITE and PERRY C. WALTON, and that this action is dismissed with the costs thereof to be taxed against the Plaintiffs.

This 17th day of December, 1984.

In view of the absence of any conclusions of law in the order, it is odd that the majority has remanded this case to the Court of Appeals to determine "the sole issue brought forth . . . — whether the trial court's ruling on summary judgment was supported by the underlying conclusions of law."

The decision of the Court of Appeals in this case correctly distinguished its prior contrary decisions as simple, single-issue cases:

> In both of the cases cited [*West v. Slick*, 60 N.C. App. 345, 299 S.E. 2d 657 (1983), *aff'd in relevant part*, 313 N.C. 33, 326 S.E. 2d 601 (1985), and *Beaver v. Hancock*, 72 N.C. App. 306, 324 S.E. 2d 294 (1985)], however, the appeal was limited to a single ruling on a single contention. Here, plaintiffs seek to appeal rulings not only on a number of separate causes of action but also to argue rulings on their requests for discovery. As defendants correctly point out, an appellant's failure to identify such disparate errors in the record frustrates effective and fair preparation of the record, *see* App. R. 11(b) (proposed record must contain assignments of error required by App. R. 9(a)(1)(xi)), and hinders effective consideration by the appellate courts. *See* App. R. 10, Drafting Committee Note (exceptions and assignments focus issues on appeal).

*Ellis v. Williams*, 78 N.C. App. 433, 434, 337 S.E. 2d 188, 189 (1985).

The majority says that "the absence of exceptions and assignments of error in the record does not appreciably complicate the appellate process." Plaintiffs' notice of appeal in this case presents at least four separate and distinct matters for review. That notice is as follows:

NOTICE OF APPEAL — (Filed: December 27, 3:22 PM 1984)

Plaintiffs, through their counsel, hereby give notice of appeal to the Court of Appeals of North Carolina from the final judgments and orders issued the 27th day of December, 1984, by the Honorable Thomas H. Lee in the above-captioned matter, *granting defendants' motion for summary judgment* as to all matters and claims stated in plaintiffs' complaint, *denying plaintiffs' motion for partial summary judgment, dismissing plaintiff Central Park Tenants Associa-*

*tions' [sic] motion to join additional parties* as plaintiffs, *and denying plaintiffs' motion to compel the production of the documents* by defendants Peter P. Williams and Joel M. White.

This 27th day of December, 1984.

(Emphases added.) Plaintiffs' brief before the Court of Appeals presented six questions for consideration by that court, only two of which related to the grant of summary judgment. Though the plaintiffs couched each question in terms of summary judgment, most of the questions presented to the Court of Appeals do not in fact relate to the summary judgment.

I. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON THE FIRST CAUSE OF ACTION BY FAILING TO DETERMINE THE VALIDITY OF LEASE TERMS FOR LATE FEES, TRANSFER FEES, MAINTENANCE FEES, A RENTAL DISCOUNT AND AN ABANDONMENT PROVISION FOR MOBILE HOME LOTS, PURSUANT TO THE UNIFORM DECLARATORY JUDGMENT ACT?

II. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN FAILING TO DECLARE THAT THE LATE FEES, TRANSFER FEES, MAINTENANCE FEES AND DISCOUNT PROVISION WERE PENALTIES AND NOT LIQUIDATED DAMAGES?

III. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON THE SECOND CAUSE OF ACTION BY FAILING TO FIND AS A MATTER OF LAW THAT THE LANDLORDS' REFUSAL TO NEGOTIATE CERTAIN LEASE TERMS UNDER THE PARTICULAR CIRCUMSTANCES INVOLVED IN THIS MOBILE HOME PARK IS AN UNFAIR ACT IN VIOLATION OF N.C.G.S. § 75-1.1(a)?

IV. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION BY FAILING TO FIND AS A MATTER OF LAW THAT THE LANDLORDS' REQUIREMENT THAT TENANTS SIGN A NEW LEASE AT A HIGHER RENT WHILE STILL UNDER HUD RENT CONTROLS IS AN UNFAIR ACT IN VIOLATION OF N.C.G.S. § 75-1.1(a)?

V. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT FOR DEFENDANTS-APPELLEES IN THE FIFTH CAUSE OF ACTION SINCE THERE WERE MATERIAL FACTS IN DISPUTE, DISCOVERY HAD NOT BEEN COMPLETED AND SUMMARY JUDGMENT WAS NOT APPROPRIATE UNDER THE CIRCUMSTANCES OF THIS CLAIM?

VI. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IF SUMMARY JUDGMENT ON THE FIFTH CAUSE OF ACTION WAS GRANTED ON THE GROUNDS THAT IT FAILED TO STATE A CLAIM FOR RELIEF[?]

(Emphases added.) Any experienced appellate lawyer would conclude that exceptions and assignments of error are *demanded* in this case. By failing to state any exceptions or assignments of error, plaintiffs' brief is at odds with an appellate rule that requires that "questions presented must be supported by assignments of error which must be supported by exceptions." Commentary, N.C.R. App. P. 10(a).

The reason for requiring assignments of error is to allow the adversary to assess the appropriateness of the record on appeal. Like the rules of notice pleading, which were designed to eliminate surprise and the "sporting theory of justice," the rule requiring that assignments of error be noted in the record was designed to apprise the parties of the possible scope of review, prior to settling the record on appeal. Were there no requirement that exceptions and assignments of error be noted in the record, a party could assent to a record without realizing that it contained a kernel which would later form the basis for a fully developed argument in the appellate court or omitted a kernel which should have formed the basis of an important argument.

Where summary judgment is granted, the nonmoving party may, as here, wish to complain that he was not permitted to complete discovery, or he may argue that certain facts precluded summary judgment, or he may argue that the judge employed an erroneous legal standard in granting summary judgment, or he may argue that while there are genuine issues of material fact, he is entitled to judgment as a matter of law. Whatever the argument, the appellee should be apprised of its basis when the record is settled.

The Court has noted:

Evidence which may be considered under Rule 56 includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken.

*Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971).

It is certainly clear that the grounds for excepting may encompass more than a mere allegation that there exists some genuine legal issue as to material facts in issue.

Rule 10(a) is entitled "Functions in Limiting Scope of Review." I fear that the majority's holding today has the potential of expanding the scope of review far beyond that contemplated by the drafters of the appellate rules.