BRENDA L. SHOOK, Plaintiff/Appellant v. COUNTY OF BUNCOMBE, NORTH CAR-
OLINA; STEVE METCALF, in his official capacity as former Buncombe County
Manager; WILLIAM E. McELRATH, in his official capacity as (former) Assistant
Buncombe County Manager and now Buncombe County Manager; MIKE HYATT, in
his official capacity as Veterans Service Supervisor; CATHY COOMER, in her
official capacity as Buncombe County Safety Officer; and RAY REDMON, in his
official capacity as Director of Buncombe County Physical Facilities,
Defendants/Appellees

No. COA96-109

(Filed 4 February 1997)

### Appeal and Error §§ 340, 418 (NCI4th)— violations of appellate rules—dismissal of appeal

Plaintiff's appeal is dismissed for failure to comply with the
Rules of Appellate Procedure where plaintiff failed to assign any
error in the record on appeal as required by N.C. R. App. P. 10(a)
(1997) and 10(c)(1) (1997) and where the arguments in plaintiff's
brief do not contain "reference[s] to the assignments of error per-
tinent to the question, identified by their numbers and by the
pages at which they appear in the printed record on appeal" as
required by N.C. R. App. P. 28(b)(5) (1997).

**Am Jur 2d, Appellate Review §§ 547, 550.**

Judge MARTIN, John C., concurring in the result.

Judge EAGLES concurs and also joins in the separate concur-
ring opinion.

Appeal by plaintiff from summary judgment entered 15
September 1995 by Judge Ronald K. Payne in Buncombe County
Superior Court. Heard in the Court of Appeals 21 October 1996.

*Howard C. McGlohon for plaintiff appellant.*

*Russell & King, P.A., by J. William Russell and Jill S. Stricklin,
for defendant appellees.*

SMITH, Judge.

Plaintiff failed to comply with the appellate rules of this Court,
and for this reason, we dismiss. Our rules require appellant to present
a record in final form and complete. N.C.R. App. P. 9(a)(1)(e) and (j)
(1997); *Pharr v. Worley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34

(1997). In the instant appeal, plaintiff has failed to assign any error whatsoever in the record on appeal as required by N.C.R. App. P. 10(a) (1997) and 10(c)(1) (1997). *See Muse v. Charter Hosp. of Winston-Salem, Inc.,* 117 N.C. App. 468, 481, 452 S.E.2d 589, 598, *disc. review denied,* 340 N.C. 114, 455 S.E.2d 663 (1995). This omission is fatal to the appeal, as "[a] party may not present for the first time in an appellate brief a question raising issues of law not set out in the assignments of error contained in the record on appeal." *Branch Banking and Trust Co. v. Staples,* 120 N.C. App. 227, 231, 461 S.E.2d 921, 925, *disc. review denied,* 342 N.C. 190, 463 S.E.2d 233 (1995).

Defendant appellees have, in their brief, cited *Ellis v. Williams,* 319 N.C. 413, 415, 355 S.E.2d 479, 480 (1987), as their primary authority on the issue of plaintiff appellant's omission of assignments of error. The *Ellis* Court, interpreting the then-existing N.C.R. App. P. 10(a), held that assignments of error are unnecessary in an appeal from summary judgment, since "review of summary judgment is necessarily limited to whether the trial court's conclusions as to [] questions of law were correct ones." *Id.* at 415, 355 S.E.2d at 481.

In our view, *Ellis* is no longer the law. At the time of the *Ellis* decision, N.C.R. App. P. 10(a) read as follows:

"Except as otherwise provided in this Rule 10, the scope of review on appeal is confined to a consideration of those exceptions set out in the record on appeal or in the verbatim transcript of proceedings, if one is filed pursuant to Rule 9(c)(2), and made the basis of assignments of error in the record on appeal in accordance with this Rule 10. No exception not so set out may be made the basis of an assignment of error; and no exception so set out which is not made the basis of an assignment of error may be considered on appeal. Provided, that upon any appeal duly taken from a final judgment any party to the appeal may present for review, **by properly raising them in his brief**, the questions *whether the judgment is supported by the verdict or by the findings of fact and conclusions of law,* whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law, *notwithstanding the absence of exceptions or assignments in the record on appeal.*

*Ellis,* 319 N.C. at 414-15, 355 S.E.2d at 480-81 (boldface emphasis ours) (italicized emphasis in original) (quoting N.C.R. App. P. 10(a)).

N.C.R. App. P. 10 was amended by our Supreme Court on 8 December 1988, with the amendments becoming effective for all judgments entered on or after 1 July 1989. *See* Amendments to the Rules of Appellate Procedure, 324 N.C. 613, 638-41 (1989). The amended version of Rule 10 is materially and substantially different from the version of Rule 10 in effect at the time of the *Ellis* decision—1987. The amended (and current) version of Rule 10(a) is as follows:

> (a) **Function in Limiting Scope of Review.** Except as otherwise provided herein, *the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10.* Provided, that upon any appeal duly taken from a final judgment any party to the appeal may present for review, *by properly making them the basis of assignments of error,* the questions whether the judgment is supported by the verdict or by the findings of fact and conclusions of law, whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law.

N.C.R. App. P. 10(a) (1997) (emphasis added). Additionally, N.C.R. App. P. 10(c)(1) (1997) states unequivocally that "[a] listing of the assignments of error upon which an appeal is predicated *shall* be stated at the conclusion of the record on appeal . . . ." (emphasis added).

The appellate rules are promulgated by our Supreme Court pursuant to the rule-making authority conferred by Article IV, § 13(2) of the Constitution of North Carolina. Given the substance of the Supreme Court's changes to Rule 10 since its *Ellis* decision, assignments of error are now mandatory to perfect an appeal. *See, e.g., Staples,* 120 N.C. App. at 231, 461 S.E.2d at 925; *Muse,* 117 N.C. App. at 481, 435 S.E.2d at 598.

Plaintiff's appeal purports to present a number of interwoven and complicated issues, amidst a record on appeal of three volumes and seven hundred and sixty-seven (767) pages. These circumstances highlight why our appellate rules are a necessity. When we are presented with an appeal such as the instant one, the rules are not merely ritualistic formalisms, but are essential to our ability to ascertain the merits of an appeal. Furthermore, the appellate rules promote fairness by alerting both the Court and appellee to the specific errors appellant ascribes to the court below. *See Bustle v. Rice,* 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994).

Plaintiff's brief also violates other essential appellate rules. For instance, and for reasons made obvious by the discussion above, plaintiff's briefed arguments do not contain "reference[s] to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C.R. App. P. 28(b)(5) (1997); *Bustle,* 116 N.C. App. at 659, 449 S.E.2d at 11. Therefore, "[a]ssignments of error not set out in the appellant's brief . . . will be taken as abandoned." *Id.*

As we stated in *Bustle,* "[a]n appellate court will not review matters not properly before it." *Bustle,* 116 N.C. App. at 659, 449 S.E.2d at 11. Our rules are mandatory, and in fairness to all who come before this Court, they must be enforced uniformly. *Id.* Accordingly, plaintiff's appeal is dismissed.

Dismissed.

Judge MARTIN, John C., concurs in the result by separate opinion.

Judge EAGLES concurs and also joins in the separate concurring opinion.

Judge MARTIN, John C., concurring in the result.

I would affirm the trial court's order granting summary judgment in favor of defendants. In my view, the evidence forecast by plaintiff falls short of the showing required to impose liability upon defendant pursuant to the exception to the exclusivity provisions of the Workers' Compensation Act, G.S. § 97-1 *et seq.,* created by our Supreme Court's decision in *Woodson v. Rowland,* 329 N.C. 330, 407 S.E.2d 222 (1991). Thus, plaintiff's exclusive remedy is under the Workers' Compensation Act.

I agree, however, that plaintiff's multiple violations of the Rules of Appellate Procedure so frustrate the review process in this case as to warrant dismissal of the appeal and I, therefore, concur in the result reached by the majority.