DARA LYNN HACKOS, Plaintiff v. DAVID CURTIS SMITH, DAVID CURTIS SMITH &
ASSOCIATES, PLLC, MICHELLE C. MARK, Defendants

No. COA07-1543

(Filed 16 December 2008)

### 1. Appeal and Error— gross violations of appellate rules— violations of Revised Rules of Professional Conduct

Although the Court of Appeals denied defendants' motion to dismiss this appeal based upon gross violations of the North Carolina Rules of Appellate Procedure, the Court of Appeals elected to tax double the costs of this appeal against plaintiff's attorney under N.C. R. App. P. 25 and 34, because: (1) even though the omission of assignments of error from the proposed record on appeal was not fatal since the notice of appeal from an order granting summary judgment was sufficient, the record on appeal filed with the Court of Appeals was at variance with what was presented to defendants as the proposed record on appeal; and (2) a record on appeal presented to the Court of Appeals that differed materially from what was proposed to opposing counsel was a false statement of material fact or law in violation of Rules 3.3(a)(1), 3.4(a), and 8.4(c) of the Revised Rules of Professional Conduct.

### 2. Attorneys— legal malpractice—summary judgment—burden of proof

The trial court did not err in a legal malpractice case stemming from an underlying personal injury lawsuit by granting summary judgment in favor of defendants because: (1) defendants met their burden of showing that an essential element of plaintiff's case did not exist, a breach of duty owed to the client, based on the affidavit of a personal injury lawyer in Raleigh; (2) it then became incumbent upon plaintiff to forecast rebuttal evidence showing the existence of a genuine issue of material fact as to whether there was a breach of duty owed to her, and she failed to do so; and (3) plaintiff neither showed up at the summary judgment hearing nor filed a response to the motion for summary judgment, no affidavits were presented on her behalf, and her motion to continue the matter was denied in open court.

Appeal by plaintiff from an order entered 16 July 2007 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 May 2008.

*Goodman, Allen & Filetti, PLLC, by Kerri Borchardt Taylor, Pro Hac Vice, and A. William Charters, and Elliott Pishko Morgan, P.A. by David C. Pishko, for plaintiff-appellant.*

*Patterson Dilthey, LLP, by Ronald C. Dilthey and Wyrick Robbins Yates & Ponton, LLP, by Charles George, for defendants-appellees.*

JACKSON, Judge.

Dara Lynn Hackos ("plaintiff") appeals the 16 July 2007 granting of summary judgment in favor of David Curtis Smith ("Smith"), Michelle C. Mark ("Mark"), and David Curtis Smith & Associates, PLLC (collectively "defendants"). Plaintiff also appeals the 28 September 2007 denial of her motion to reconsider, which is the subject of a companion opinion in file 08-63.[1] For the reasons stated below, we affirm.

Plaintiff was injured in an automobile accident in Pittsylvania County, Virginia on or about 25 August 2001. She brought the instant legal malpractice suit against defendants on 23 June 2006, stemming from an underlying personal injury lawsuit related to plaintiff's 2001 accident. On 29 June 2007, defendants filed a motion for summary judgment alleging that they had not breached the applicable standard of care. Although both plaintiff and her Virginia counsel filed motions for a continuance, neither had been granted by the time of the summary judgment hearing on 12 July 2007.[2] Neither plaintiff nor her counsel appeared at the 12 July 2007 hearing. Neither motion for continuance included an affidavit explaining why affidavits opposing summary judgment were not available. No opposing affidavits were presented at the summary judgment hearing. Defendants' motion for summary judgment was granted on 16 July 2007. Plaintiff filed notice of appeal on 16 August 2007.

[1] As a preliminary matter, we note that defendants have brought motions to dismiss this appeal, as well as the companion appeal in file number 08-63, based upon violations of the North Carolina Rules of

---

1. Defendants filed a motion to consolidate these appeals on 4 April 2008. On 22 April 2008, this Court issued an order as follows: "The appeals in case numbers COA 07-1543 and COA 08-63 will be heard before the same panel on May 21, 2008."

2. The motion by plaintiff's attorney was erroneously marked "granted" on 10 July 2007; however, that order was not filed until 13 July 2007. Plaintiff's motion was denied at the summary judgment hearing. No appeal was taken as to the erroneously marked motion.

Appellate Procedure. Specifically, defendants argue that the records on appeal filed with this Court are at variance with the proposed records on appeal served upon defendants, in violation of Rule 11.

Plaintiff filed no response to these motions prior to the hearing date for these cases. This Court, *ex mero motu*, issued orders on 29 July 2008 as to each appeal, ordering plaintiff to file responses to defendants' motions within ten days. As plaintiff's attorney was on secured leave, she filed a motion as to this appeal to extend the deadline. The motion as to this appeal was granted and the ten day period was to begin upon the expiration of secured leave. The response was filed 25 August 2008.

A proposed record on appeal was provided to defendants on 10 November 2007. A proposed record on appeal in the companion appeal was provided to defendants on 27 November 2007. On 10 December 2007, defendants sent a letter to plaintiff expressing their understanding that the second proposed record on appeal replaced the first proposed record on appeal. Also on 10 December 2007, defendants sent a letter to plaintiff noting their objections and amendments to the proposed record on appeal.[3] On 17 December 2007, counsel for plaintiff wrote to defendants' counsel to inform them that the second proposed record on appeal did not replace the first proposed record on appeal, but that it related to a second and separate appeal. No further objections and amendments were made.

Defendants objected to the omission from the proposed record on appeal of a copy of the hearing transcript, which was attached as an exhibit for admission in the record on appeal. Defendants also stated that the proposed record on appeal and exhibit should be labeled with a cover page with an index of contents pursuant to Rule 9 of the North Carolina Rules of Appellate Procedure.

The final record on appeal in this appeal was filed with this Court on 20 December 2007. It included a "Statement of Transcript Option" to address defendants' first objection and a cover page with an index of contents to address the second.

---

3. It is unclear to this Court whether defendants intended the objections and amendments to pertain to this appeal or to the companion appeal. Due to defendants' assumption that the second proposed record on appeal replaced the first proposed record on appeal, it appears the objections and amendments related to the second proposed record on appeal, file number 08-63 on appeal. However, both sides treat the objections and amendments as though they were as to this appeal. Therefore, we treat them as such.

HACKOS v. SMITH

[194 N.C. App. 532 (2008)]

The record on appeal filed with this Court is at variance with what was presented to defendants as the proposed record on appeal. When objections or amendments to the proposed record on appeal are filed, in addition to those items from the proposed record that are required by Rule 9(a) of the North Carolina Rules of Appellate Procedure, the record on appeal shall consist of any item "that is requested by any party to the appeal[,]" unless not all parties agree to the inclusion of requested items, in which case such items are included in the "Rule 11(c) Supplement to the Printed Record on Appeal." N.C. R. App. P. 11(c) (2007).

The proposed record did not include: (1) a statement of organization of the trial court, (2) a statement of jurisdiction, (3) a stipulation of service and settlement of record, (4) assignments of error, and (5) identification of counsel for appeal, all of which are required by Rule 9.

Defendants argue that the lack of assignments of error in the proposed record on appeal requires dismissal. Pursuant to Rule 9, our scope of appellate review is "solely upon the record on appeal, the verbatim transcript of proceedings, . . . and any items filed with the record on appeal pursuant to Rule 9(c) [(testimonial evidence)] and 9(d) [(models, diagrams, and exhibits of material)]." N.C. R. App. P. 9(a) (2007). Appellate Rule 10 limits the scope of appellate review to "a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C. R. App. P. 10(a) (2007). Absent any assignments of error in the record on appeal, there is nothing within the scope of our review.

However, counsel for plaintiff argues that the omission of assignments of error from the proposed record on appeal is not fatal because the notice of appeal from an order granting summary judgment is sufficient. We agree with plaintiff.

In *Ellis v. Williams*, 319 N.C. 413, 355 S.E.2d 479 (1987), our Supreme Court held that

summary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether the moving party is entitled to judgment. On appeal, review of summary judgment is necessarily limited to whether the trial court's conclusions as to these questions of law were correct ones. It would appear, then, that notice of appeal adequately apprises the opposing party and the appellate

court of the limited issues to be reviewed. Exceptions and assignments of error add nothing.

*Id.* at 415, 355 S.E.2d at 481 (citations omitted). Subsequently in *Shook v. County of Buncombe*, 125 N.C. App. 284, 480 S.E.2d 706 (1997), a panel of this Court stated that "[i]n our view, *Ellis* is no longer the law." *Id.* at 285, 480 S.E.2d at 707. However, our Supreme Court recently reaffirmed *Ellis* in *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs.*, 362 N.C. 269, 658 S.E.2d 918 (2008), stating:

> This Court has long held, *and the law has not been changed,* that for purposes of an appeal from a trial court's entry of summary judgment for the prevailing party, the appealing party is not required under Rule 10(a) of the Rules of Appellate Procedure to make assignments of error for the reason that on appeal, review is necessarily limited to whether the trial court's conclusions as to whether there is a genuine issue of material fact and whether the moving party is entitled to judgment, both questions of law, were correct.

*Id.* at 276-77, 658 S.E.2d at 923 (citing *Ellis,* 319 N.C. at 415-17, 355 S.E.2d at 481-82) (emphasis added).

Although plaintiff's lack of assignments of error is not fatal, we are gravely concerned by counsel's lack of transparency in serving one version of the record on appeal on opposing counsel and a materially different version of that record on this Court. "It is well-settled that an attorney's responsibilities extend not only to his client but also to the court[s]." *N.C. State Bar v. Key,* 189 N.C. App. 80, 85, 658 S.E.2d 493, 497 (2008) (citing *Smith v. Bryant,* 264 N.C. 208, 211, 141 S.E.2d 303, 306 (1965)). The courts have inherent power to regulate attorneys. *Beard v. N.C. State Bar,* 320 N.C. 126, 130, 357 S.E.2d 694, 696 (1987). Within its power, our Supreme Court has adopted rules governing the professional conduct of attorneys in this state. We caution that as attorneys, we all are guided by the Rules of Professional Conduct.

We note that pursuant to Rule 3.3(a) a lawyer is prohibited from knowingly making a "false statement of material fact or law" to a tribunal or failing to correct such a statement previously made to the tribunal by the lawyer. Revised Rules of Professional Conduct, Rule 3.3(a)(1) (2007). A record on appeal presented to this Court that differs materially from what was proposed to opposing counsel is such a "false statement of material fact or law." Further, Rule 3.4(a) states

**HACKOS v. SMITH**

[194 N.C. App. 532 (2008)]

that a lawyer shall not "unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value." Revised Rules of Professional Conduct, Rule 3.4(a) (2007). "The procedure of the adversary system contemplates that the evidence in a case is to be marshaled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like." *Id.* at cmt. [1]. Although the record on appeal is not "evidence" *per se*, its purpose is to inform opposing counsel of the nature and scope of appellant's appeal. The record on appeal and other testimonial and material evidence is the only "evidence" this Court has to review the rulings of lower courts. A lawyer must not be permitted to present one set of documents to opposing counsel yet present a different set of documents to this Court.

Finally, Rule 8.4(c) reminds us that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Revised Rules of Professional Conduct, Rule 8.4(c) (2007). By not filing the same record on appeal with this Court that was served upon defendants, plaintiff's counsel misrepresented what the record on appeal contained. We cannot condone such conduct.

We hold that the actions of plaintiff's counsel constitute gross violations of our appellate rules; therefore, pursuant to Rules 25 and 34, we elect to tax double the costs of this appeal against plaintiff's attorney. *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 199, 657 S.E.2d 361, 366 (2008) ("In the event of substantial or gross violations of the nonjurisdictional provisions of the appellate rules, however, the party or lawyer responsible for such representational deficiencies opens the door to the appellate court's need to consider appropriate remedial measures."). We direct the clerk of this court to enter an order accordingly.

[2] Plaintiff first argues that the trial court erred in granting defendants' motion for summary judgment because there were genuine issues of material fact. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of

law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citing *Texaco, Inc. v. Creel*, 310 N.C. 695, 314 S.E.2d 506 (1984)). One method of meeting this burden is by showing that an essential element of the non-moving party's claim is nonexistent. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citation omitted). Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. *See Id.* (citation omitted).

In an action for legal malpractice, "the plaintiff has the burden of proving by the greater weight of the evidence: (1) that the attorney breached the duties owed to his client . . . and that this negligence (2) proximately caused (3) damage to the plaintiff." *Rorrer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985) (citation omitted).

Here, defendants' motion for summary judgment was accompanied by the affidavit of Nicholas A. Stratas, Jr. ("Stratas"), a personal injury attorney in Raleigh. Stratas stated that he had reviewed the complaint and discovery materials and that, in his professional opinion, Smith had "at all times complied with the standards of practice for lawyers practicing personal injury law in Durham, North Carolina or similar communities in his representation of Ms. Hackos." Stratas further stated that in his opinion, Mark had insufficient involvement in the case and thus no standard of care was applicable to her. Upon this affidavit, defendants met their burden of showing that an essential element of plaintiff's case did not exist—breach of a duty owed to the client.

It then became incumbent upon plaintiff to forecast evidence showing the existence of a genuine issue of material fact as to whether there was a breach of a duty owed to her. She failed to do so. Plaintiff neither showed up at the summary judgment hearing, nor filed a response to the motion for summary judgment. No affidavits were presented on her behalf. Although she filed a motion to continue the matter, it was denied in open court.

We recognize that "[a] trial court is not required to assign credibility to a party's affidavits merely because they are uncontradicted." *Lewis v. Blackman*, 116 N.C. App. 414, 419, 448 S.E.2d 133, 136 (1994) (citing *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976)). Here, however, the affidavit was credible and plaintiff failed to present any rebuttal evidence to show that a material issue of fact

existed. Accordingly, the trial court did not err in granting summary judgment for defendant.

Plaintiff makes two other arguments in her brief. However, because our review is limited to the granting of summary judgment, we do not address plaintiff's remaining arguments.

Affirmed.

Judges HUNTER and TYSON concur.