IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-1078

Filed: 1 August 2017

Guilford County, No. 15CVS7639

PLUM PROPERTIES, LLC, Plaintiff,

v.

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., SABAHETA SELAK, MATEJ SELAK aka Matek Selak, DELISA L. SPARKS aka Delisa L. Thompson aka Delisa L. Tucker, JEREMY TUCKER, Defendants.

Appeal by plaintiff from order entered 14 June 2016 by Judge Susan E. Bray in Guilford County Superior Court. Heard in the Court of Appeals 5 April 2017.

*Gregory A. Wendling for plaintiff-appellant.*

*Pinto Coates Kyre & Bowers, PLLC, by Deborah J. Bowers, for defendant-appellee.*

BERGER, Judge.

Plum Properties, LLC ("Plaintiff") appeals the June 14, 2016 order granting Defendants' motion for summary judgment on Plaintiff's declaratory judgment action. Plaintiff argues that summary judgment was improper because there remain genuine issues of material fact concerning ambiguities in insurance policies issued by North Carolina Farm Bureau Mutual Insurance Company, Inc. ("Defendant Insurance Company"; insurance company and its insureds, collectively, "Defendants") that may entitle Plaintiff to relief. We disagree.

## Factual & Procedural Background

This declaratory judgment action arose from an underlying claim brought by Plaintiff against Defendants, including M. Selak and J. Tucker (collectively "minor insureds"), for allegedly vandalizing and breaking into properties owned by Plaintiff.

During the late night and early morning hours between November 5 and 21, 2010, Plaintiff claims that the minor insureds vandalized four houses on Orville Drive in High Point, North Carolina ("Properties") which are owned or managed by Plaintiff. The vandalism allegedly occurred on three separate occasions, causing approximately $58,000.00 in damages. In addition to the claims made against the minor insureds for "intentionally, willfully and maliciously" damaging and destroying the Properties, Plaintiff also brought claims against Sabaheta Selak, the mother of M. Selak, and Delisa Sparks, the mother of J. Tucker (collectively "parent insureds"), for negligence and negligent supervision of their minor children.

The parent insureds have homeowners' insurance policies issued through Defendant Insurance Company ("Policies") that were in effect for the period during which the damage occurred. The Policies, for each parent insured, contain the same relevant provisions for purposes of determining whether coverage exists for the damage caused by the minor insureds.

Section II(A) of the Policies controls the extent of coverage for personal liability claims brought against persons insured under the Policies. Section II(A) covers, in relevant part, all claims "brought against an 'insured' for damages because of . . . 'property damage' caused by an 'occurrence'." The definitions section of the Policies defines "insured" to include relatives of the policy holder who reside in the policy holder's household. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" which results in property damage. Where Section II(A) applies, the Policies will pay up to the Policies' respective liability limits for any damages for which an insured is legally liable.

The Policies also contain specific exclusion clauses to the personal liability coverage. Under Section II(E), coverage of Section II(A) is excluded where the property damage that occurs "is intended or may be reasonably expected to result from the intentional acts or omissions or criminal acts or omissions of one or more 'insured' persons." This exclusion applies regardless of whether the insured is charged with or convicted of a crime.

On July 29, 2015, Plaintiff brought this declaratory judgment action against Defendant Insurance Company seeking a declaration that the alleged damages arising out of the underlying claim are covered under the Policies issued by

Defendant Insurance Company.  Defendant Insurance Company filed motions for dismissal and summary judgment on February 11, 2016.

In an order filed June 14, 2016, the trial court granted Defendant Insurance Company's motion for summary judgment on the declaratory judgment action concluding that the damages sustained by Plaintiff were excluded from the insurance coverage of the Policies.  It is from this order that Plaintiff timely appeals.

Analysis

Summary judgment exists to eliminate the need for a trial "when the only questions involved are questions of law." *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987) (citations omitted).  Under Rule 56 of the North Carolina Rules of Civil Procedure, "summary judgment . . . is . . . based on two underlying questions of law," *Id.* (citations omitted), and may be granted when: (1) there are no genuine issues of material fact and (2) any party is entitled to judgment as a matter of law.  N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015).  Alleged errors in the application of law are subject to *de novo* review on appeal.  *Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999).  "On appeal, review of summary judgment is . . . limited to whether the trial court's conclusions as to these [two] questions of law were correct ones." *Ellis*, 319 N.C. at 415, 355 S.E.2d at 481.

An issue is deemed " 'genuine' if it can be proven by substantial evidence[,] and a fact is 'material' " where it constitutes or establishes a material element of the claim. *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citation omitted). In determining that there are no genuine issues of material fact, "[i]t is not the trial court's role to resolve conflicts in the evidence." *Wallen v. Riverside Sports Ctr.*, 173 N.C. App. 408, 413, 618 S.E.2d 858, 862 (2005) (citation omitted). Rather, the court's role is only to determine whether such issues exist. *Id.* (citation omitted). Furthermore, in considering whether a genuine issue of material fact exists, "the court must view the evidence in the light most favorable to the nonmovant." *Id.* at 410, 618 S.E.2d at 858, 860-61 (citation omitted).

The North Carolina Supreme Court instructed in *Harleysville Mut. In. Co. v. Buzz Off Insect Shield, L.L.C.* that when the language of an insurance policy and the contents of a complaint are undisputed, we review *de novo* whether the insurer has a duty to defend its insured against the complaint's allegations. 364 N.C. 1, 6, 692 S.E.2d 605, 610 (2010). To make this determination, our courts apply the "comparison test" which requires that the insured's policy and the complaint be read side-by-side to determine whether the events alleged are covered or excluded by the policy. *Id.* In applying this test, "the question is not whether some interpretation of the facts as alleged could possibly bring the injury within the coverage provided by the insurance policy"; but rather, "assuming the facts as

alleged to be true, whether the insurance policy covers that injury." *Id.* at 364 N.C. at 7, 692 S.E.2d at 611.

Where an insurance policy's language is clear and unambiguous, our courts will enforce the policy as written. *N.C. Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95 (2000). When interpreting the language of a policy, non-technical words are given their ordinary meaning unless the evidence shows that the parties intended the words to have a specific technical meaning. *Id.* at 532-33, 530 S.E.2d at 95. Ambiguous policy language, by comparison, is subject to judicial construction. *Id.* at 532, 530 S.E.2d at 95.

However, our courts "must enforce the [policy] as the parties have made it and may not, under the guise of interpreting an ambiguous provision, remake the [policy] and impose liability upon the [insurance] company which it did not assume and for which the policyholder did not pay." *Wachovia Bank and Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). When interpreting provisions of an insurance policy, provisions that extend coverage are to be construed liberally to "provide coverage, whenever possible by reasonable construction." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986).

In the Policies at issue here, personal liability coverage extended to cover claims brought against an insured for property damage resulting from an

"occurrence." An occurrence is described by the Polices as "an accident." Our Supreme Court has previously interpreted what constitutes an occurrence within the context of a insurance policy issued by Defendant Insurance Company containing the same operational definition of "occurrence" as is contained within the Policies. *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 694, 340 S.E.2d 374, 379 (1986). Based on the nontechnical definition of "accident," the Court described an "occurrence" as being limited to events that are not "expected or intended from the point of view of the insured." *Id.* at 696, 340 S.E.2d at 380. While acknowledging that "it is possible to perceive ambiguity" in determining the type of events that constitute an accident, the Court noted that under a commonsense reading of the language "it strains logic to do so." *Id.* at 695, 340 S.E.2d at 379. Accordingly, where the potentially damaging effects of an insured's intentional actions can be anticipated by the insured, there is no "occurrence." *Id.*, 340 S.E.2d at 380.

In the present case, Plaintiff contends that summary judgment was improper because there is ambiguity in the Policies' language as to what constitutes an occurrence. Relying largely on the deposition of Phillip Todd Childers, a Claims Director for Defendant Insurance Company, Plaintiff argues that because there are "occasions when there are shades of gray" in determining whether an event should

qualify as an occurrence, that there is a genuine issue of material fact as to whether the damage caused by the minor insureds should be covered under the Policies.

As noted above in *Harleysville Mutual Insurance*, the question properly raised by the trial court is not whether some interpretation of the facts could possibly bring Plaintiff's injury within the coverage of the Policies but whether the facts, as alleged in the complaint and taken as true, are enough to bring the injury within the Policies' coverage. It strains logic to conjure ambiguity into the Policies' language as applied to the facts at hand. The damages arising from the alleged vandalism of the Properties by the minor insureds do not qualify as unexpected or unintended from the viewpoint of the minor insureds. *See American Mfrs. Mut. Ins. Co. v. Morgan*, 147 N.C. App. 438, 442, 556 S.E.2d 25, 28 (2001) (holding that intentional actions that are reasonably certain to result in injury will not qualify as an accident for purposes of insurance coverage).

Plaintiff further contends that summary judgment was improper because the parent insureds, who themselves are alleged of negligence and negligent supervision in the underlying case, did not intend that the minor insureds vandalize the Properties. Thus, the vandalism should qualify as an occurrence as applied to the parent insureds. But this attenuation of the nexus between Plaintiff's injury and the mechanism causing the damage is not sufficient to create a genuine issue of material fact as to whether intentional destructive actions qualify as an occurrence

covered by the Policies.   Section II(A) of the Policies cannot be read to cover intentional damage knowingly caused by insureds, which severally would not qualify as an occurrence, merely because the damages inflicted were not intended by other insureds covered by the Policies.   The parent insureds neither purchased, nor did Defendant Insurance Company provide, coverage to protect against the intentional destructive acts of their children.   Therefore, the actions that caused Plaintiff's damages did not fall within the coverage of the Policies.

While coverage clauses, such as Section II(A), are interpreted broadly, exclusionary clauses, such as Section II(E), are construed narrowly against the insurer in favor of coverage for the insured.  *State Capital Ins. Co.*, 318 N.C. at 543-44, 350 S.E.2d at 71.   However, as previously noted, where no ambiguity exists, an insurance policy must be enforced as written.   *Mizell*, 138 N.C. App. at 532, 530 S.E.2d at 95.

In the present Policies, Section II(E) specifically excludes from coverage any property damage that "is intended or may be reasonably expected to result from the intentional acts or omissions . . . of one or more 'insured' persons."   Thus, even if Section II(A) included insurance coverage for the minor insureds' alleged acts of vandalism resulting from the negligence or negligent supervision of the parent insureds, summary judgment would again be proper because Section II(E) excludes

coverage for damages that occur as the reasonably expected result of an insureds' intentional acts.

As children of policyholders residing in the policyholders' households, both M. Selak and J. Tucker qualify as insured persons covered by the Policies. Accordingly, because the alleged damage to Plaintiff's Properties occurred due to these minor insureds' intentional, willful, and malicious acts, the damage is excluded from coverage under the Policies by Section II(E).

Under the Policies, the intentional acts by the minor insureds that allegedly damaged Plaintiff's properties do not qualify as an 'occurrence' because the damage was not accidental, and are, therefore, not covered by the Policies' personal liability coverage. Furthermore, intentional acts of the minor insureds are specifically excluded from coverage by Section II(E) of the Policies. Accordingly, the damages allegedly caused by the minor insureds were not covered by the parent insureds' Defendant Insurance Company Policies.

## Conclusion

The language of the Policies issued by Defendant Insurance Company both intentionally omitted and specifically excluded liability coverage for damages caused by the intentional, malicious acts of the insureds. Thus, there were no genuine issues of material fact and the trial court did not err in granting Defendants' motion for summary judgment because Defendants were entitled to

judgment as a matter of law. We therefore affirm the trial court's determination that Plaintiff's damages, allegedly caused by the actions of the insureds, are not covered by the Defendant Insurance Company Policies issued to the individual Defendants.

AFFIRMED.

Judges ELMORE and INMAN concur.