W. R. AIKEN ET AL. v. R. C. ANDREWS ET AL.

(Filed 7 March, 1951.)

**1. Vendor and Purchaser § 19b—**

Where the vendor makes a deposit on the purchase price under agreement that the balance should be paid upon tender of deed upon completion of the house by a stipulated time, evidence that the vendor complied with his contract and tendered deed on the day specified and demanded payment of the balance of the purchase price, and that such tender was refused, is sufficient to take the case to the jury on vendor's counterclaim for damages resulting from breach of the contract by the purchaser set up in the purchaser's action to recover the advance deposit.

**2. Same—**

Where deed is to be delivered upon payment of the balance of the purchase price, actual and timely tender of deed by the vendor and demand by him for the balance of the purchase price is necessary to cut off the purchaser's right to treat the contract as still subsisting and entitle the vendor, in event of the purchaser's refusal, to recover the damages suffered by reason of the purchaser's breach.

APPEAL by defendants from *Patton, Special Judge,* August Term, 1950, of BUNCOMBE.

Civil action to recover payment on contract to buy and sell a tract of land or house and lot.

On 8 April, 1949, the defendant, Roy C. Andrews, agreed to sell, and the plaintiff, W. R. Aiken, agreed to buy, a house and lot located on School Road in West Asheville, at and for the price of $17,500, of which $1,000 was paid at the time, and it was stipulated in the agreement that the transaction should be completed on or before 8 May, 1949. The balance of $16,500 was to be paid in cash "at the close of the deal"; and "upon failure (of execution) by the seller within thirty days, the deposit shall be returned to the purchaser." It was further provided that the house should be complete "with screens and storm sash for all windows, screen doors, window shades," etc., so as to close the deal within the stipulated time.

On Monday, 9 May, 1949 (the 8th day being Sunday), the defendants tendered the purchaser warranty deed to the property, duly executed, and demanded payment of balance of purchase price. This was declined, without reason assigned therefor, the plaintiff simply saying, "I won't accept it." The next day, defendant's lawyer called Dr. Aiken on the telephone and asked him if he were going through with the deal. His reply was, "see Mr. Loftin, talk to him." He says, "I immediately called Mr. Loftin, and he told me that Dr. Aiken was not going through with it."

The defendant then put the property in the hands of a real estate agent for sale. For convenience, he conveyed it to Irwin Monk on 13 June, 1949, and on 24 June, 1949, Irwin Monk and wife conveyed the property to Vernon R. Cheek and wife. The defendant received from the Cheeks $17,000, less real estate commissions of $850.00.

The plaintiff sues to recover the advanced payment of $1,000.00. The defendant filed counterclaim of $1,350.00, alleged loss on the transaction—$500.00 on purchase price and $850.00 paid as commissions to broker.

On the hearing, "it was stipulated in open court that the plaintiffs were entitled to recover $1,000.00 of the defendants unless the defendants showed a breach and prevailed on this counterclaim." Whereupon the court ruled that the burden of proof was on the defendants to make good their counterclaim.

At the close of defendants' evidence judgment of nonsuit was entered on the counterclaim. The court thereupon entered judgment in favor of the plaintiffs for $1,000.00.

The defendants appeal, assigning errors.

*E. L. Loftin for plaintiffs, appellees.*
*Don C. Young and Irwin Monk for defendants, appellants.*

STACY, C. J. The question for decision is whether the evidence, taken in its most favorable light for the defendants, suffices to overcome the

demurrer and to carry the case to the jury on the counterclaim.   The
trial court answered in the negative.   We are inclined to a different view.

Defendant's testimony is to the effect that he complied with the terms
of the written contract in every respect, that is, he completed the house
as agreed, duly executed and tendered deed within the time stipulated,
and plaintiff declined to accept it or to go through with the deal.   This is
evidence from which the jury may infer that the plaintiff breached the
contract of sale, thus entitling the defendant to treat it at an end and
to sue for damages.   *Pope v. McPhail,* 173 N.C. 238, 91 S.E. 947.   This,
the defendant has done, and to minimize his loss he immediately put the
property back on the market for sale.   Such is his evidence.

It seems the defendant was well advised in timely tendering deed and
demanding balance of purchase price, albeit the contract is one of sale
and not an option.   *Winders v. Kenan,* 161 N.C. 628, 77 S.E. 687.
Speaking of its purpose and effect in *Bateman v. Hopkins,* 157 N.C. 470,
73 S.E. 133, *Walker, J.,* with his usual thoroughness, analyzed the
authorities and drew from them the following epitome: "Where the
stipulations are mutual and dependent—that is, where the deed is to be
delivered upon the payment of the price—an actual tender and demand
by one party is necessary to put the other in default, and to cut off *his*
right to treat the contract as still subsisting."   Hence, the effect of the
tender and demand was "to cut off the plaintiff's right to treat the con-
tract as still subsisting," or further to insist upon its performance.   *Bate-
man v. Hopkins, supra,* 49 Am. Jur.—Specific Performance 40.   This,
of course, required the return of the money advanced on the purchase
price.   However, if the defendant suffered loss by reason of the plaintiff's
breach of the contract, he has his action for such loss—here asserted by
way of counterclaim, the plaintiff having sued to recover the advanced
deposit.   4 Pomeroy's Eq. Jur. (5 Ed.), Sec. 1407a, *loc. cit.* 1052.

The plaintiff may have a different story to tell.   There is no debate
over the right of plaintiff to recover the advanced payment, if the con-
tract were breached or abandoned by the defendant or mutually rescinded.
*Adams v. Beasley,* 174 N.C. 118, 93 S.E. 454.   And here, by agreement
in open court, "unless the defendants showed a breach and prevailed on
this counterclaim."

We refrain from further animadversion, preferring to await the plain-
tiff's version of the matter.

The counterclaim would seem to be for the jury.

Reversed.