DUKE UNIVERSITY, PLAINTIFF v. KEITH A. BISHOP AND LORRAINE L. LONDON, DEFENDANTS

No. COA98-131

(Filed 1 December 1998)

**Appeal and Error— appellate rules—numerous violations— dismissal**

An appeal was dismissed for serious and abundant violations of the Rules of Appellate Procedure.

Appeal by defendants from entry of default against defendant London entered 16 January 1997 by Bonnie J. Swanson, Assistant Clerk of Superior Court for Durham County, and judgment entered 15 August 1997 by Judge Lowry M. Betts in Durham County District Court. Heard in the Court of Appeals 20 October 1998.

*Moore & Van Allen, PLLC, by Edward L. Embree, III, and Julie A. King, for plaintiff-appellee.*

*Keith A. Bishop for defendants.*

SMITH, Judge.

Defendants appeal from various orders and judgments entered during the civil suit filed by plaintiff Duke University. We do not reach the merits of defendants' arguments, however, because of defendants' disregard for the North Carolina Rules of Appellate Procedure. Because of the seriousness and abundance of rule violations, we dismiss this appeal.

To obtain review of lower court decisions, appellants must adhere to certain mandatory procedural requirements. *See In re Lancaster*, 290 N.C. 410, 424, 226 S.E.2d 371, 380 (1976) ("[O]nly those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions. This can be a strict requirement."). This Court has stated, "[t]he Rules of Appellate Procedure are mandatory. They are designed to keep the process of perfecting an appeal flowing in an orderly manner." *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979) (citation omitted).

Our rules require appellants to present complete records, which are in final and proper form. *See* N.C.R. App. P. 9(a)(1)(e), (j) (1997). Appellants' first omission occurs in the record on appeal. Rule 10(c)(1) states unequivocally that "[a] listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal." Thus, "assignments of error are now mandatory to perfect an appeal." *Shook v. County of Buncombe*, 125 N.C. App. 284, 286, 480 S.E.2d 706, 707 (1997). Although the index to the record on appeal provides that a listing of assignments of error is present, a thorough search of the record reveals no such list. Whether the omission be intentional or inadvertent, it is appellants' responsibility to ensure that the record is in its complete and proper form. *See State v. Alston*, 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983).

One of the most egregious of appellants' violations occurred when they directly violated the Order Settling Record on Appeal. In

this order, the trial judge stated that certain documents, specifically two Memoranda of Law and a letter from defendants to Judge Richard G. Chaney, "should not be included in the Record on Appeal." In an apparent attempt to circumvent the court order, appellants included these documents as an appendix to their brief. This Court has held, "it [is] improper [for a party]. . . to attach a document not in the record and not permitted under N.C.R. App. P. 28(d) in an appendix to its brief." *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996); *see* N.C.R. App. P. 9(a) (stating that review is limited to the record and transcript); N.C.R. App. P. 28(b) (describing proper contents of appellant's brief). Inclusion of this material violated not only the court order but also Rule 28(d).

Defendants' brief also violates other appellate rules. Rule 28(c) enumerates the items that must be included in appellant's brief.

An appellant's brief in any appeal shall contain . . . in the following order:

(1) A cover page, followed by a table of contents and table of authorities required by Rule 26(g).

(2) A statement of the questions presented for review.

(3) A concise statement of the procedural history of the case. This shall indicate the nature of the case and summarize the course of proceedings up to the taking of the appeal before the court.

(4) A full and complete statement of the facts. . . .

(5) An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

. . .

N.C.R. App. P. 10(c)(1)-(5). Appellants failed to include a statement of the questions presented for review, thus violating subsection (c)(2), and they failed to include a statement of the procedural history of the case, thus violating subsection (c)(3). Furthermore, they violated

subsection (c)(5) by failing to include, after each question for review, a "reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." *See Shook*, 125 N.C. App. at 287, 480 S.E.2d at 707.

Finally, we note that appellants also failed to comply with Rule 26(g) in that the point type and spacing used was incorrect. *See Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996). Additionally, the page numbers were improperly formatted and positioned. *See* N.C.R. App. P. 26(g) (stating "[t]he format of all papers presented for filing shall follow the instructions found in the appendixes to these Appellate Rules"); N.C.R. App. P. Appx. B (stating "pages are sequentially numbered by arabic numbers, flanked by dashes, at the center of the top margin of the page, e.g., -4-").

Because of appellants' numerous flagrant violations of our rules, and because "[o]ur rules are mandatory, and in fairness to all who come before this Court, they must be enforced uniformly," *Shook*, 125 N.C. App. at 287, 480 S.E.2d at 708, defendants' appeal is dismissed.

Appeal Dismissed.

Judges GREENE and WALKER concur.