LARRY L. LEONARD, d/b/a L & M ENTERPRISE, Plaintiff,
v.
BETTY C. TANT, Defendant.
No. COA06-1256
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Smith Debnam Narron Wyche Saintsing & Myers, L.L.P., by W. Thurston Debnam, Jr. And Thomas R. Lenfestey, III, for plaintiff-appellee.
Nick Galifianakis & Associates, by Nick Galifianakis and David Krall, for defendant-appellant.
STEELMAN, Judge.
On 28 August 2003, William T. Tant and wife, Betty C. Tant ("defendant") entered into a written agreement to sell a lot located in Topsail Beach, North Carolina, to Larry L. Leonard ("plaintiff"), doing business as L & M Enterprise for a purchase price of $151,000.00. The Tants refused to convey the property, and plaintiff filed this action on 16 November 2004 seeking specific performance of the agreement. An answer was filed denying that plaintiff was entitled to specific performance, and asserting counterclaims for fraudulent misrepresentation, trespass, unfairand deceptive trade practices, intentional or negligent infliction of emotional distress and abuse of process.
On 8 April 2005, William T. Tant died. Since the property was titled to the Tants as tenants by the entireties, the action proceeded against Mrs. Tant as the sole defendant. The case came on for trial before a jury at the 27 March 2006 session of Civil Superior Court for Onslow County. At the close of all the evidence each party moved for a directed verdict. Defendant's motion for a directed verdict was denied. Plaintiff's motion for a directed verdict was granted and defendant was ordered to convey the lot to the plaintiff. Defendant dismissed her counter claims, without prejudice, and gave notice of appeal.

I. Standard of Review
In this matter, defendant moved for a directed verdict pursuant to N.C. R. Civ. Pro. 50(a) at the close of plaintiff's evidence. This motion was denied (T. Pp. 134-136).
Upon a motion for a directed verdict, pursuant to N.C.G.S. § 1A-1, Rule 50 (1983), the evidence must be considered in the light most favorable to the non-moving party, resolving all conflicts in his favor, and giving him the benefit of all reasonable inferences flowing from the evidence in his favor. The question presented by a motion for a directed verdict is whether the evidence is sufficient to entitle the non-movant to have a jury decide the issue in question. Moreover, if there is conflicting testimony that permits different inferences, one of which is favorable to the non-moving party, a directed verdict in favor of the party with the burden of proof is improper.
United Laboratories, Inc. v. Kuykendall, 322 N.C. 643, 661-62, 370 S.E.2d 375, 387 (1988) (citations omitted).

II. Tender of Purchase Price
In her first argument, defendant contends that the trial court erred in granting a directed verdict in favor of plaintiff and should have submitted the issue of whether plaintiff had tendered the purchase price to defendant to the jury. We disagree.
Defendant argues that the case ofDevelopment Corp. v. Woodall, 21 N.C. App. 567, 205 S.E.2d 592 (1974), requires that in order for a buyer to obtain the remedy of specific performance, there must first be an "actual tender and demand" made by plaintiff to defendant. It is uncontroverted that plaintiff never made an actual tender of the purchase price to defendant. Rather, the evidence was that plaintiff and his attorney contacted the defendant and her now deceased husband on numerous occasions, attempting to schedule a closing. On 14 January 2004, defendant expressed her frustration, advising that her husband was dragging his feet and was not feeling well. As a result of this conversation, plaintiff's attorney wrote to defendant and her husband on 19 January 2004 stating that plaintiff "would like to close as soon as possible. Would you please advise us . . . at your earliest convenience?"
The Agreement for Purchase and Sale of Real Property executed by all parties in this matter specified that the purchase price of the property was $151,000.00, paid by $1,000.00 earnest money at the time of the execution of the contract, and the balance due at closing pursuant to Section 10 of the agreement. Woodall acknowledges that "[e]quity can only compel the performance of acontract in the precise terms agreed on." Woodall, 21 N.C. App. at 570, 205 S.E.2d at 595 (citations omitted). Under the terms of the agreement, the balance of the purchase price was to be paidat closing.
The most recent case dealing with the sufficiency of a tender required to compel specific performance of a real estate contract is Curran v. Barefoot, __ N.C. App. __, 645 S.E.2d 187 (2007). In upholding a decree of specific performance, this Court relied upon language from the Supreme Court case ofMunchak Corp. v. Caldwell, 301 N.C. 689, 273 S.E.2d 281 (1981), which held:
The remedy of specific performance is available to "compel a party to do precisely what he ought to have done without being coerced by the court." The party claiming the right to specific performance must show the existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform.
Id. at 694, 273 S.E.2d at 285 (citations omitted).
In this case it was undisputed that there was a valid contract between the parties and that plaintiff was at all times ready, willing and able to perform. Since the contract required full payment at closing, plaintiff was not required to actually tender the purchase price until that time. All of the evidence presented was that despite repeated requests, defendant refused to schedule a closing.
We hold that under the facts of this case, plaintiff was entitled to specific performance under Curran v. Barefoot, __ N.C. App. __, 645 S.E.2d 187 (2007), and that an actual tender was not required. This argument is without merit.

III. Consideration for Amendment to Agreement
In her second argument, defendant contends that the trial court erred in granting a directed verdict in favor of plaintiff because the 28 September 2003 amendment to the contract was not supported by additional consideration.
The original agreement was entered into on 29 August 2003, and called for a closing to take place within 30 days. The agreement did not contain a "time is of the essence" provision. On 28 September 2003, the parties modified the "closing" provision of the contract to state that the closing would take place on 1 November 2003. This was the only modification to the agreement, and was initialed on the original agreement by all parties.
Defendant argues that any modification of an agreement must possess all of the elements necessary to form a contract, including consideration, citing Tile and Marble Co. v. Construction Co., 16 N.C.App. 740, 193 S.E.2d 338 (1972). While this is a correct statement of the law, it in no manner controls the outcome of this case. Since the agreement did not contain a "time is of the essence" provision, the date selected for the closing is viewed only as an approximation of what the parties regarded as a reasonable time under the circumstances of the sale. Fletcher v. Jones, 314 N.C. 389, 393-4, 333 S.E.2d 731, 735 (1985). Therefore, the validity or invalidity of the amendment extending the closing date from 28 September 2003 until 1 November 2003 is not determinative of any controlling issue in this case. Rather, the amendment can only be considered in determining what the partiesregarded as a reasonable time for closing. This argument is without merit.

III: Directed Verdict, Breach of Contract
In her third argument, defendant contends that the trial court erred in granting a directed verdict in favor of plaintiff because the question of whether the defendant breached the contract should have been submitted to the jury. We disagree.
Defendant makes a series of arguments in support of this contention: (1) plaintiff knew defendant was not represented by counsel in the matter, and it was therefore incumbent upon defendant's counsel to prepare a deed and tender it to defendant for execution; (2) plaintiff was aware of Mr. Tant's health problems, that defendant and Mr. Tant may not have been able to travel, and that plaintiff's attorney should have prepared a deed and mailed it to the Tants; (3) plaintiff failed to establish a closing date, and did not attempt to perform under the contract within a "reasonable time."
Paragraph 10 of the Agreement reads:
Section 10. Closing: The Closing shall consist of the execution and delivery by Seller to Buyer of a General Warranty Deed and other documents customarily executed by a seller in similar transactions, including without limitation, an owner's affidavit, lien waiver forms and a non-foreign affidavit and the payment by Buyer to Seller of the Purchase Price in accordance with the terms of the Purchase Price. At Closing, the Earnest Money shall be applied as part of the Purchase Price or as otherwise provided in Section 1(b)(i) The Closing shall be held at the office of Buyer's attorney or such other place as the parties hereto may mutually agree. . . .
At trial, plaintiff's attorney testified that a seller could use their own attorney or buyer's attorney to prepare the "seller's documents" as set forth in paragraph 10 of the agreement.
In her brief, defendant cites to a treatise on North Carolina real estate law to establish that plaintiff's attorney had a duty to prepare a deed for defendant and tender it to her for execution. We note that this treatise was not submitted at trial. An appellant court will not consider evidence on appeal that was not submitted at trial.Horton v. New South Ins. Co., 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996) (citing N.C.R. App. P. 9(a) (stating that review is limited to the record and transcript)); Duke University v. Bishop, 131 N.C. App. 545, 547, 507 S.E.2d 904, 906 (1998). If this were to be allowed, then appeals would never end, with the parties constantly dredging up new evidence for the appellate court to review. Our review is limited to evidence presented at trial.
All of the evidence presented at trial was that under the terms of the agreement, it was incumbent upon defendant as the seller to execute and deliver a deed for the property to plaintiff. While defendant certainly could have used plaintiff's attorney to prepare the "seller's documents," it was the duty of defendant, and not plaintiff, to make these arrangements.
In support of her contention that plaintiff's counsel had a duty to prepare a deed and mail it to her, since she and her husband were unable to travel, she again cites to a treatise on real estate law. As discussed above, we decline to allow defendantto present evidence for the first time on appeal. In addition, the explicit terms of the agreement control this issue. Closing was to take place at the office of plaintiff's attorney or at a place agreed upon by the parties. There was no evidence that defendant or her husband ever agreed to a closing, and none that there was an agreement for a closing location other than the office of plaintiff's attorney.
Finally, defendant argues that plaintiff failed to establish a closing date within a reasonable time. The evidence at trial was that plaintiff made numerous calls to defendant and her husband attempting to set up a closing. Plaintiff's attorney was told on 14 January 2004 that she was frustrated that her husband was dragging his feet and was not feeling well. The attorney sent a letter on 19 January 2004, reaffirming plaintiff's desire to "close as soon as possible" and requesting defendant to contact them at their "earliest convenience." Subsequently, on 15 April 2004, Mr. Tant advised plaintiff that he no longer wanted to sell the property, since he had a better offer.
We find defendant's argument unpersuasive. When the delay in closing was due to the actions of defendant, she cannot now complain that the plaintiff failed to close within a reasonable time. This assignment of error is without merit.

IV: Directed Verdict, Proper Execution
In her fourth assignment of error, defendant contends that the trial court erred in granting a directed verdict in favor ofplaintiff because there was a jury question as to whether the plaintiff properly executed the agreement. We disagree.
Defendant argues that on the agreement there appears at the place for buyer's signature: "L & M ENTERPRISES/L.LEONARD, GENERAL PARTNER" in printing rather than cursive writing; that this does not constitute a proper signature; and that the agreement is void under the statute of frauds. N.C. Gen. Stat. . 22-2 (2007) requires that a contract to convey real estate must be "in writing and signed by the party to be charged therewith[.]" Id. There is no question that the parties sought to be charged are Mr. and Mrs. Tant, and that they both executed the agreement. Thus, the agreement complied with the statute of frauds. This argument is without merit.
Defendant has failed to argue her remaining assignment of error and it is deemed abandoned. N.C. R. App. P. 28(b)(6) (2007).
For the foregoing reasons, we hold that the trial court properly granted plaintiff's motion for a directed verdict at the close of all of the evidence.
AFFIRMED.
Judge BRYANT concurs.
Judge LEVINSON concurs in result prior to 7 July 2007.
Report per Rule 30(e).