KENNETH E. DELLINGER, PLAINTIFF v. RICHARD O. MICHAL AND CAROLYN S. MICHAL, DEFENDANTS

No. 8826SC515

(Filed 7 February 1989)

Contracts § 6.1— unlimited general contractor's license acquired during construction—value of work not in excess of license limit

Where plaintiff contractor sought to recover funds allegedly due him for the construction of defendants' house and sought a lien on defendants' property, the trial court erred in dismissing plaintiff's claims with prejudice and ordering plaintiff's claim of lien cancelled, since the amount of the contract exceeded the amount of plaintiff's limited general contractor's license, but two months after execution of the contract, at a time when plaintiff alleged he had

done approximately $2,800.00 worth of work, he obtained an unlimited license, and the value of the work done by him was thus never in excess of his license limit.

APPEAL by plaintiff from *Snepp (Frank W.), Judge.* Judgment entered 14 March 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 January 1989.

*Mitchell & Rallings, by Thomas B. Rallings, Jr., and Robert W. Allen, for plaintiff-appellant.*

*Underwood, Kinsey & Warren, P.A., by C. Ralph Kinsey, Jr., and Richard L. Farley, for defendants-appellees.*

LEWIS, Judge.

The record shows that on 17 May 1985 the parties entered into a contract for plaintiff to construct a house on defendants' land. The contract stated that "[t]he cost of the house will be figured on a cost plus 10% basis with a ceiling of $186,880.00." Plaintiff began construction around 10 June 1985 and continued construction through 2 March 1987. Several changes and additions were made to the contract after plaintiff began construction. Plaintiff alleged that the costs of construction and his contractor's fee totalled $237,259.01. Defendants paid plaintiff $154,553.60.

When the contract was executed and plaintiff began construction, plaintiff held a limited general contractor's license with a limitation of $175,000.00. On 17 July 1985, plaintiff obtained an unlimited license.

Plaintiff seeks to recover in excess of $82,705.41 plus interest and seeks a lien on defendants' property. In their counterclaim, defendants seek at least $49,329.57 for damages resulting from plaintiff's alleged breach of the construction contract. In a judgment captioned "PARTIAL SUMMARY JUDGMENT" the trial court dismissed plaintiff's claims with prejudice and ordered plaintiff's claim of lien cancelled. Defendants' counterclaim remains. Plaintiff appeals.

Plaintiff's sole assignment of error is to the signing and entry of judgment. Where the only question presented is whether the trial court erred in granting summary judgment, no other exceptions or assignments of error are necessary. *Ellis v. Williams*, 319

N.C. 413, 355 S.E. 2d 479 (1987); *Vernon, Vernon, Wooten, Brown & Andrews, P.A. v. Miller*, 73 N.C. App. 295, 326 S.E. 2d 316 (1985). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Our review is limited to deciding whether the trial court properly concluded that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. *Ellis, supra.* We have reviewed the record before us and determine that defendants are not entitled to the judgment entered as a matter of law.

In *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983), our Supreme Court adopted the rule that "a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor. It cannot be validated by the contractor's subsequent procurement of a license." *Id.* at 586, 308 S.E. 2d at 331. Thus, a contract entered into by an unlicensed contractor is illegal and unenforceable. In *Sample v. Morgan*, 311 N.C. 717, 319 S.E. 2d 607 (1984), a contractor with a $125,000.00 limited license entered into a construction contract for $115,967.81. The contractor and the homeowner agreed to changes and additions to the contract and the final construction cost was over $130,000.00. The Supreme Court specifically rejected previous cases that had denied recovery of any amount for contractors who exceed the amount of their license and allowed the contractor to recover an amount not to exceed the limit of his license. The Court stated that "until [the contractor] exceeded the allowable limit of his license, he was not acting in violation of G.S. [Section] 87-10." *Id.* at 723, 319 S.E. 2d at 611.

In this case, plaintiff was licensed up to $175,000.00 when the contract was executed. Two months later, plaintiff secured an unlimited license. Plaintiff began construction during the two-month period. He presented his affidavit that he had passed the unlimited general contractor examination when the contract with defendants was executed and that he had done approximately $2,800.00 worth of work before he was issued his unlimited license.

In *Sample v. Morgan, supra*, the Court stated:

Clearly the statute contemplates a differing level of expertise for those applying for and receiving a license in the three enumerated categories. In enacting this statute, the legislature reasonably determined that as the cost of a structure increased, there would be additional demands of expertise and responsibilities from the contractor. To permit a general contractor to recover amounts in excess of the allowable limit of his license would vitiate the intended purpose of this statute: to protect the public from incompetent builders. We therefore hold that a general contractor is entitled to recover only up to that amount authorized by his license.

311 N.C. at 722, 319 S.E. 2d at 610-11. North Carolina adheres to a "bright line" rule "requiring strict compliance with the licensing provisions of G.S. [Section] 87-1, *et seq.*" *Id.* at 723, 319 S.E. 2d at 611. Since the reason for this "bright line" "harsh" rule is to protect the public from incompetent builders and since "competence" in this context is measured by the extent of the contractor's license, we look to see whether the construction in this case was by one licensed while performing the work. Plaintiff exceeded the contract price estimate at the request of and with the consent of defendants. Since the value of the work done by plaintiff was never in excess of his license limit, plaintiff was not, as evidenced by his license, incompetent to perform the work. Thus, plaintiff should be allowed to prove his case if he can and is entitled if successful to recover to the extent of his unlimited license and defend the counterclaim.

Reversed.

Judges EAGLES and PARKER concur.