IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-822

Filed 16 July 2025

Henderson County, No. 23CVS000635

AC DEVELOPMENTS, LLC, Plaintiff,

v.

TODD C. EDWARDS, and OKCHA EDWARDS, Defendants.

Appeal by plaintiff from judgment entered 4 March 2024 by Judge Michael L. Robinson in Henderson County Superior Court. Heard in the Court of Appeals 21 May 2025.

> *Capua Law Firm, P.A., by Paul A. Capua, and Natalia L. Talbot, for the plaintiff-appellant.*
>
> *The Van Winkle Law Firm, by Philip S. Anderson, for the defendant-appellees.*

TYSON, Judge.

AC Developments, LLC ("Plaintiff") appeals from the trial court's order granting summary judgment in favor of Todd C. Edwards and Okcha Edwards (collectively "Defendants"). We affirm in part, reverse in part, and remand.

## I. Background

Shawn D. Anderson is a general contractor doing business as Anderson Construction under license number 80145, a limited license permitting him to construct residential buildings up to a value of $500,000. In April 2021, Plaintiff was

issued an unlimited license authorizing it to construct residential buildings without regard to amount. After this application, but before issuance of his unlimited license, Anderson was approached by Defendants to serve as the general contractor for their residential building in Hendersonville, North Carolina. Anderson agreed to begin work under Anderson Construction, which was licensed to start immediately, then take over as AC Developments once the unlimited license was issued, due to the estimated project cost exceeding $500,000.

The parties entered into a contract on 9 February 2021 stating in relevant part,

> This Construction Contract (the "Contract" or "Agreement") is made as of February 9, 2021 (the "effective Date") by and between Todd and Okcha Edwards (Owners) of Lot 131 at Grand Highlands at Bear Wallow Mountain Hendersonville NC 28792 and AC Developments LLC ("Anderson Construction") of 405 Sand Meadow Ct Fletcher NC 28732.
>
> Contractor desires to provide Construction Services to Owner and Owner desires to obtain such services from contractor.
>
> . . .
>
> 5. PAYMENT. Payment shall be made to Contract [sic], Anderson Construction, 405 Sand Meadow Ct., Fletcher, NC 28732.
>
> . . .
>
> 10. ENTIRE AGREEMENT. This Contract contains the entire agreement father [sic] parties, and there are no other promises or conditions in any other contract or agreement whether oral or written concerning the subject matter of the agreement. Any amendments must be in writing and signed by each party. This agreement

> supersedes any prior written or oral agreements between the parties.
>
> . . .
>
> 13. SIGNATORIES. This agreement shall be signed by Owners and on behalf of Contractor, Anderson Construction by Shawn Anderson, President (Contractor's License: 80145) and shall be effective as of the date first written above.

Anderson Construction began work on the project and received the requested payments from Defendants until Plaintiff received its unlimited license, at which time it took over the work and payments were directed to it. At the time the authority over the work was transferred to Plaintiff, the total work completed was within Anderson Construction's $500,000 license authorization.

Defendants contend Anderson and his companies issued fraudulent and erroneous invoices and failed to complete the work in a workmanlike manner. Plaintiff claims Defendant stopped making payments over the course of the process and brought this action on 19 April 2023 to collect $702,654.81 in unpaid construction materials and labor. Plaintiff alleged claims of breach of contract, breach of covenant of good faith and fair dealing, construction lien foreclosure, misrepresentation, *quantum meruit*, and unjust enrichment.

In a separate case arising out of the same circumstances, Anderson filed additional crossclaims against Defendants of unfair and deceptive trade practices under Chapter 75, contribution, and indemnity. Defendants moved for summary

judgment on the grounds the contract between the parties was illegal and Plaintiff could not recover under it. The trial court granted Defendant's motion for summary judgment and dismissed all of Plaintiff's claims and crossclaims. Plaintiff timely filed notice of appeal. Plaintiff did not appeal the trial court's order on *quantum meruit* and unjust enrichment. The trial court's order is final concerning those claims.

## II. Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. Standard of Review

This Court reviews an appeal from summary judgment *de novo*. *Baer v. Baer*, 294 N.C. App. 551, 558, 904 S.E.2d 815, 819 (2024). Summary judgment is appropriate only when the record shows no genuine issue of material fact exists and a "party is entitled to a judgment as a matter of law." *Id.* The Court assesses whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law "in the light most favorable to the non-moving party." *Manecke v. Kurtz*, 222 N.C. App. 472, 474, 731 S.E.2d 217, 220 (2012). In reviewing the evidence, all inferences of fact are drawn in favor of the non-moving party. *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988). "[T]he trial court's conclusions of law are reviewed *de novo*." *Mugno v. Mugno*, 205 N.C. App. 273, 276, 695 S.E.2d 495, 498 (2010).

## IV. Issues

Plaintiff argues the trial court erred in granting Defendants' motion for

summary judgment because a material factual dispute exists of who were parties to the contract. Plaintiff further contends the trial court erred in dismissing its crossclaim of unfair and deceptive trade practices under Chapter 75.

## V. Plaintiff's Claims based on the Construction Contract

Plaintiff argues the terms of the contract were ambiguous concerning the identity of the parties to the contract and the trial court erred in refusing to admit extrinsic evidence before granting summary judgment on the relevant claims and crossclaim.

## A. Validity of Contract

Plaintiff claims the trial court erred with respect to the motions for summary judgment and the crossclaim of indemnity because the contract is at least ambiguous concerning the parties to it and summary judgment is inappropriate. Defendants claim they were entitled to judgment as a matter of law because an essential element of the Plaintiff's claims, a valid contract, is nonexistent.

When the terms of the contract are unambiguous, the court interprets it as a matter of law and does not consider extrinsic evidence. *Lynn v. Lynn*, 202 N.C. App. 423, 431, 689 S.E.2d 198, 205 (2010). A trial court's determination of whether the language of a contract is ambiguous is a question of law that an appellate court reviews *de novo*. *Gay v. Saber Healthcare Grp.*, 271 N.C. App. 1, 5, 842 S.E.2d 635, 639 (2020). "An ambiguity exists in a contract if the language of a contract is fairly and reasonably susceptible to either of the constructions asserted by the parties.

Thus, if there is *any* uncertainty as to what the agreement is between the parties, a contract is ambiguous." *Crider v. Jones Island Club, Inc.*, 147 N.C. App. 262, 267, 554 S.E.2d 863, 866-67 (2001) (internal quotations and citations omitted) (emphasis supplied).

If a contract is ambiguous, its interpretation is a question of fact and extrinsic evidence is necessary to resolve the ambiguity. *Crider* at 266-67, 554 S.E.2d at 866. "The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous." *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 422, 547 S.E.2d 850, 852 (2001) (citation omitted).

There are details within the terms of the contract sufficient to find that the contract is ambiguous as to the parties to it. For instance, Paragraph 13 indicates that the contract was signed "on behalf of Contractor, Anderson Construction by Shawn Anderson." This comports with the inclusion of the license number for Shawn Anderson d/b/a Anderson Construction, whom Plaintiff contends was in fact a signatory to the contract. Similarly, the contract designates AC Developments as "Anderson Construction," but does not identify that company as "Contractor." Rather, Paragraph 13 lists "Contractor" as Anderson Construction by Shawn Anderson. Despite the inartful drafting, these terms are sufficiently ambiguous for a reasonable trier of fact to conclude the term Contractor refers in part to Anderson d/b/a Anderson Construction, who was licensed to perform the work at the time.

Further, Paragraph 13 includes Anderson's contractor's license number under the signatories section. This detail supports Plaintiff's claims and tends to show Anderson was made party to the contract, especially in light of the "fundamental rule of contract construction that the courts construe an ambiguous contract in a manner that gives effect to all of its provisions, if the court is reasonably able to do so." *Gay* at 7, 842 S.E.2d at 640. Plaintiff's assertion of parties to the contract is a reasonable way to give effect to the license number for Anderson Construction in Paragraph 13, whereas Defendant's interpretation of the contract does not explain why, if Plaintiff is the only contractor involved, the contract would include a license number which did not pertain to Plaintiff in Paragraph 13. The terms of the contract make it fairly susceptible of Plaintiff's or Defendants' interpretations and understandings, and a genuine issue of material fact exists regarding the identities of the parties to the contract.

In general, a contractor may recover for work done under a contract only up to the limitation on its contracting license, but a contractor who enters into a contract that exceeds its license limitation does not violate the licensing statutes until the value of the work performed exceeds its license limitation. *See Dellinger v. Michal*, 92 N.C. App. 744, 746, 375 S.E.2d 698, 699 (1989). When the cost of a construction development specified by a contract exceeds the limitation of the contractor's license, the contractor may increase the license limitation during the course of performing the contract and remain in compliance. *Id*. When a licensing defect is cured in this

way, the contractor may enforce the contract to its full value. *Id.*

It is undisputed the value of the work performed was within Anderson's license limitation at the time Plaintiff received its unlimited license. Under the facts alleged in the complaint, Anderson performed all work on the project until Plaintiff received its license, at which point it took over.

If, as Plaintiff contends, Anderson was made party to the contract in addition to Plaintiff, it would be lawful for him to undertake a portion of the work within his license limitation until Plaintiff received its unlimited license and the contract would be enforceable. Because the enforceability of the contract depends on the identities of the parties to it, genuine issues of material fact exist, and summary judgment was improper.

## B. Indemnity Crossclaim

In light of our decision above, we also reverse the award of summary judgment on the indemnity crossclaim.

## VI. Unfair and Deceptive Trade Practices

Plaintiff argues the trial court erred in granting summary judgment on their unfair and deceptive trade practices claims under N.C. Gen. Stat. § 75-1.1 (2023). The trial court ruled this crossclaim was based upon the conduct constituting the claim of misrepresentation, for which it determined summary judgment should be granted. Plaintiff alleges error on the grounds it was not given the opportunity to discover evidence to support its position and the complaint, under Chapter 75,

incorporated allegations beyond misrepresentation, so it was improper to rely solely on the disposition of the misrepresentation in dismissing the Chapter 75 crossclaim.

Plaintiff first argues it "would have moved for a continuance" to conduct discovery had it known the sufficiency of their evidence for this claim would be at issue in the summary judgment motion. While Plaintiff objected to the consideration of the contribution crossclaim on the grounds it was premature, it did not object with respect to the Chapter 75 crossclaims or move for additional time to conduct discovery.

> [W]here there is no evidence that plaintiff sought discovery prior to the motions for summary judgment, no record of any objections to hearing the motions for summary judgment, and no action on the part of plaintiff to continue the hearing to allow additional time for pre-trial discovery, there is no error in proceeding with the summary judgment hearing.

*Sellers v. Morton*, 191 N.C. App. 75, 85, 661 S.E.2d 915, 923 (2008). It was not error for the trial court to proceed with the hearing because Plaintiff neither objected to hearing the motion for summary judgment nor requested a continuance to allow for additional time to conduct discovery.

Plaintiff next contends the trial court erred by relying on its disposition of the misrepresentation claim in ruling on the Chapter 75 claim, because there were additional allegations in the latter the court did not address. However, even considering these additional allegations, based on the facts alleged, there was insufficient evidence to support a claim under Chapter 75. "A mere breach of

contract, even if intentional, is not an unfair or deceptive act under Chapter 75." *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App 33, 42, 626 S.E.2d 315, 323 (2006).

"To recover for unfair and deceptive trade practices, a party must show substantial aggravating circumstances attending the breach of contract." *Id.* This can include conduct that is fraudulent or deceptive. *Poor v. Hill*, 138 N.C. App. 19, 28-29, 530 S.E.2d 838, 845 (2000). "[A] promissory misrepresentation may constitute fraud when it is made with the intent to deceive and when the promisor had no intent of complying at the time of making the misrepresentation . . . ." *Ausley v. Bishop*, 133 N.C. App. 210, 218, 515 S.E.2d 72, 78 (1999). However, "[m]ere proof of nonperformance is not sufficient to establish the necessary fraudulent intent." *Williams v. Williams*, 220 N.C. 806, 811, 18 S.E.2d 364, 367 (1942).

While Plaintiff argues the Chapter 75 claim includes allegations beyond misrepresentation, nothing in the record beyond Plaintiff's assertion suggests the allegations against Defendants rise beyond breach of contract. The basis for the Chapter 75 claim is Defendants communicated to Plaintiff they would pay the amount owed for services, but these statements were knowingly false or made negligently or recklessly without regard for the truth.

The record contains no evidence suggesting Defendants' statements to this effect were deceitful when made. Plaintiff's position is further undercut by the series of payments completed by Defendants in the time leading up to the alleged breach,

over and above the estimate specified by the contract. Plaintiff fails to produce any evidence from which a trier of fact could find and conclude Defendants' representations were deceitful. The trial court's grant of summary judgment on this claim and issue is affirmed.

## VII.   Conclusion

Anderson Construction, as an under-licensed contractor, could recover up to its limit, if Anderson was a party to the contract. Plaintiff could also have potentially cured the licensing defect prior to completion. The trial court erred by granting summary judgment in favor of Defendant for Plaintiff's breach of contract claim.

Plaintiff fails to produce any evidence from which a trier of fact could find and conclude Defendants' representations were deceitful. The order is affirmed in part, reversed in part, and remanded. *It is so ordered*.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Judges COLLINS and GRIFFIN concur.